## DA PRATO STATUARY CO. v. GIULIANI STATUARY CO.

(Circuit Court, D. Minnesota, Third Division. May 19, 1911.)

1. TRADE-MARKS AND TRADE-NAMES (§ 95*)—UNFAIR COMPETITION—TEMPORARY INJUNCTION.

A temporary injunction against the publication by defendant in its catalogue of pictures of statuary which it produces and sells for the decoration of churches and religious edifices which are exact copies of pictures in the catalogue of complainant, which is engaged in the same business, will not be granted on the ground of unfair competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. COPYRIGHTS (§ 83*)—INFRINGEMENT—INJUNCTION—EVIDENCE.

In a suit to enjoin the publication by defendant in its catalogue of copies of cuts copyrighted by complainant, evidence *held* to show that the cuts in defendant's catalogue were copied from those copyrighted by complainant.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec. Dig. § 83.*]

3. COPYRIGHTS (§ 83*)—INFRINGEMENT—INJUNCTION—EVIDENCE.

In a suit to enjoin the publication by defendant of cuts copyrighted by complainant, where it is proven that the defendant has copied one or more of the copyrighted cuts, a finding that the others as to which no explanation is made were also copied is supported by the evidence.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec. Dig. § 83.*]

4. COPYRIGHTS (§ 9*)—SUBJECT OF COPYRIGHTS—CUTS.

Cuts of statuary and other articles for the decoration of churches and other religious edifices in the catalogue of a firm engaged in producing and selling such articles are proper subjects of copyright.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 7; Dec. Dig. § 9.*

Matter subject to copyright, see note to Cleland v. Thayer, 58 C. C. A. 273.]

5. COPYRIGHTS (§ 5*)—SUBJECTS OF COPYRIGHTS—TRADE CATALOGUE.

A trade catalogue may be the subject of a copyright.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 3; Dec. Dig. § 5.*]

6. COPYRIGHTS (§ 38*)—EXTENT OF RIGHTS ACQUIRED.

Under Copyright Act March 4, 1909, c. 320, § 3, 35 Stat. 1076 (U. S. Comp. St. Supp. 1909, p. 1290), providing that the copyright shall protect all the copyrightable component parts of the work "copyrighted," where complainant copyrighted its catalogue of statuary and other articles for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the decoration of churches and other religious edifices, it was entitled to the protection of the copyright law as to each cut contained therein.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 38.*]

7. COPYRIGHTS (§ 85*)—INJUNCTION—EXTENT OF INFRINGEMENT.

Where complainant's catalogue contained 2,813 cuts and of these 18 which were legally copyrighted were reproduced in defendant's catalogue which contained 393 cuts, this is sufficient to justify the granting of an injunction, but the injunction should be limited to the cuts that have been copied.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 78; Dec. Dig. § 85.*]

In Equity. Bill by the Da Prato Statuary Company against the Giuliani Statuary Company. On motion for temporary injunction. Granted.

This is a bill in equity brought by the complainant company of Chicago, a producer and seller of statuary and other articles for the decoration of churches and religious edifices. The bill alleges that complainant for the furtherance of its business, at great expense and labor, prepared and issued a trade catalogue containing pictures and cuts of its various statuary and articles; that said catalogue was duly copyrighted, and that since the issuance thereof the defendant company, which is engaged in the same business at St. Paul, Minn., prepared and issued a catalogue of its own, wherein, and without the permission of the complainant, it reproduced exact copies of many of the cuts contained in complainant's catalogue. The defendant avers that the statues shown in the cuts in complainant's catalogue are merely copies of statues which have been for years in existence in Europe; that they are not the subject of copyright; and, further, that complainant's catalogue itself is not a subject of copyright.

The evidence of complainant tended to show the following facts: That these statues can be produced only by the exercise of high artistic skill and care. For instance, a plaster of paris statue is received from Europe, and, as a general rule, the modeling is artistically good, but the decoration is inferior. Such statues are therefore dismembered, the decoration removed, new casts made and joined together, making a statue without decoration. The modeling and reassembling require a high degree of skill, care, and accuracy. The points of juncture have to be very carefully filled so as to conceal the same. The statues are then redecorated and colored, all of which involves the employment of skilled artists and persons thoroughly well trained in the art. Also the illustrations can only be produced by the employment of photographers skilled in the art of properly modulating and diffusing the light, so as to show the article as it appears in reality.

Edward C. Stringer, McNeil V. Seymour, and Edward S. Stringer (Frank F. Reed and Edward S. Rogers, of counsel), for petitioner. John E. Stryker, for defendant.

WILLARD, District Judge (after stating the facts as above). [1] The motion of the complainant for a temporary injunction, so far as it is based upon the claim of unfair competition, is denied. It is necessary, however, to consider whether such an injunction should be granted on the ground that the defendant has infringed the complainant's copyright.

[2] The complainant has offered evidence tending to show that 117 of the cuts contained in its catalogue have been copied in the defendant's catalogue; but no proof has been presented to show that

any of these photographs so used by the defendant have been copyrighted by the complainant, except 18. The evidence shows that as to these 18 photographs or cuts the complainant has complied with the provisions of the law for the purpose of securing a copyright.

That cuts similar to these 18 cuts of the complainant appear in the defendant's catalogue is not disputed. Some attempt is made to explain the source from which the defendant derived its cuts. The affidavit of Giuliani and the affidavit of McCoy state that defendant's cut No. 372, which is like complainant's cut No. 2,739, was made from a photograph sent from Italy. Gaul, the president of the complainant, in his second affidavit states that this is impossible. An examination of the two cuts, in the light of what is said by Gaul in his affidavit, satisfies me beyond a doubt that the defendant's cut 372 was made, not from a photograph taken in Italy, but was made from a photograph of complainant's cut 2,739.

I am also satisfied that the same thing is true with reference to complainant's cut 2,737, copied by the defendant's cut 373, and complainant's cut 2,741 copied by defendant's cut 371. As to defendant's No. 371, it is to be observed that Giuliani says that it was taken from a photograph sent from Italy, while McCoy says it was copied from a photograph sent to the defendant by the Vermont Marble Company.

The defendant does not apparently deny that its cut No. 187 is a copy of the complainant's cut 913, but it says that cut 913, together with cut 2,737, had been previously published by the complainant in an uncopyrighted circular, or art review. This the complainant denies, and the defendant has not produced any such art review, which was not copyrighted.

The defendant further claims that complainant's cuts 346, 348, and 349 were published in a catalogue of Benziger Bros., of Cincinnati, without any reservation of copyright by the complainant. The defendant, however, produces no copy of that catalogue. This it should have done. List Pub. Co. v. Keller (C. C.) 30 Fed. 772.

As to the other cuts included in the 18 above mentioned, no explanation is offered by the defendant.

[3] It having been proven that the defendant has copied one or more cuts, a finding that the others as to which no explanation is made were also copied is easily supported by the evidence. Chapman v. Ferry (C. C.) 18 Fed. 539, 542; Lawrence v. Dana, 4 Cliff. 1, Fed. Cas. No. 8,136. It is therefore proven that the defendant has copied 18 of the cuts included in the complainant's copyrighted catalogue, which cuts had not before appeared in any uncopyrighted publication.

[4] The representations in the complainant's catalogue are proper subjects of copyright. Burrow-Giles Lithographic Co. v. Sarony, 111 U. S. 53, 4 Sup. Ct. 279, 28 L. Ed. 349; Bleistein v. Donaldson Lithographing Co., 188 U. S. 239, 23 Sup. Ct. 298, 47 L. Ed. 460.

[5] A trade catalogue may be the subject of a copyright. Maple v. Junior Army & Navy Stores, Law Rep. 21, Chan. Div. 367 (1882).

In the case of Lamb v. Grand Rapids School Furniture Co. (C. C.) 39 Fed. 474 and which was a case of a trade catalogue, and was cited by the defendant, it did not appear that the defendant's cuts

were copied from the plaintiff's cuts, and the court assumed that defendant's cuts were made from photographs of its own stock.

In the case of J. L. Mott Iron Works v. Clow, 82 Fed. 316, 27 C. C. A. 250, it appeared that the particular illustration claimed to have been copied were those of a wash bowl, slop sink, bathtub, footbath, sponge holder, brush holder, and a robe hook. It was held that pictures of these objects were not proper subjects of copyright. But the objects there illustrated are very different from the objects illustrated in the catalogue in this case. All that was decided in the case of Baker v. Selden, 101 U. S. 99, 25 L. Ed. 841, cited by the defendant, was that a claim of exclusive property in a peculiar system of bookkeeping could not, under the law of copyright, be maintained by the author of a treatise in which that system is exhibited and explained.

[6] The complainant having copyrighted its entire catalogue was entitled to the protection of the copyright law as to each cut contained therein; Copyright Act March 4, 1909, c. 320, § 3, 35 Stat. 1076 (U. S. Comp. St. Supp. 1909, p. 1290) Dam v. Kirk La Shelle Co., 175 Fed. 902, 99 C. C. A. 392.

[7] The complainant's catalogue contained 2,813 cuts; of these 18 which were legally copyrighted were reproduced in defendant's catalogue which contained 393 cuts. Though the number thus reproduced is small, yet it is sufficient to justify the granting of an injunction. Lawrence v. Dana, 4 Cliff. 1, Fed. Cas. No. 8,136; Campbell v. Scott, 11 Simons, 30; Leslie v. Young & Sons, 6 Rep. 211, House of Lords (1894); West Publishing Co. v. Lawyers Co-operative Publishing Co., 79 Fed. 756, 25 C. C. A. 648, 35 L. R. A. 400.

The injunction should, however, be limited to the 18 cuts that have been copied. List Pub. Co. v. Keller (C. C.) 30 Fed. 771; Campbell v. Scott, 11 Simons, 30; Leslie v. Young & Sons, 6 Rep. 211, House of Lords (1894).

Let an injunction issue, restraining the defendant, as prayed for in the bill, not as to its entire catalogue, but only as to the 18 cuts described on page 8 of the affidavit of Godfried J. Gaul sworn to on April 20, 1911. In the last line of the affidavit, however, the number of the defendant's cut should be "371" instead of "381." The complainant will furnish a bond in the sum of $5,000.