## STECHER LITHOGRAPHIC CO. v. DUNSTON LITHOGRAPH CO.

(District Court, W. D. New York. February 23, 1916.)

1. COPYRIGHTS ⟨⟩28—REGISTRATION IN PATENT OFFICE—LITHOGRAPH—"CHROMO."

Rev. St. § 4952, as amended by Act March 3, 1905, c. 1432, 33 Stat. 1000, provides that the proprietor of any engraving, cut, print, or photograph, or negative thereof, or of a painting, drawing, or chromo intended to be perfected as works of the fine arts, shall have the sole liberty of vending the same. Act June 18, 1874, c. 301, § 3, 18 Stat. 79, which seems not to have been repealed, declares that no prints or labels designed to be used for any other articles of manufacture shall be entered under the copyright law, but shall be registered in the Patent Office. *Held* that, as the act of 1874 plainly omits chromos, which are known as chromolithographs and are pictures produced from drawings on stones, each color being represented by a different stone, registration of such pictures in the Patent Office is not necessary to obtain a copyright.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 27, 28; Dec. Dig. ⟨⟩28.

For other definitions, see Words and Phrases, Chromo.]

2. COPYRIGHTS ⟨⟩10—RIGHT TO—PICTURES.

That chromos were intended for advertising articles of commerce does not prevent the proprietor from obtaining a copyright thereof.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 8, 13; Dec. Dig. ⟨⟩10.]

3. COPYRIGHTS ⟨⟩10—RIGHT TO—PICTURES.

That chromos possess little artistic merit will not prevent the proprietor from obtaining a copyright, it being enough that they were originated by the proprietor.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 8, 13; Dec. Dig. ⟨⟩10.]

4. COPYRIGHTS ⟨⟩31—NOTICE OF COPYRIGHT—PURPOSE.

The purpose of requiring publication or notice of copyrights is to prevent innocent persons from suffering the penalty of the statutes for reproduction of the copyrighted articles.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 31; Dec. Dig. ⟨⟩31.]

5. COPYRIGHTS ⟨⟩29, 31—NOTICE OF COPYRIGHT—SAMPLES.

The sending of samples of chromos out to the trade is not a publication, and the fact that such samples were not stamped with notice of copyright does not authorize another manufacturer to reproduce them.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 29-31; Dec. Dig. ⟨⟩29, 31.]

6. COPYRIGHTS ⟨⟩29—VIOLATION OF COPYRIGHT—OMISSION OF NOTICE.

Under Comp. St. 1913, § 9541, providing that, where a copyright proprietor has sought to comply with the provisions of the act with respect to notice, the omission by accident or mistake of such notice from particular copies does not invalidate the copyright or prevent recovery for infringement after actual notice of the copyright, and that no damages are recoverable against an innocent infringer who has been misled by the omission, one infringing a copyright on chromos cannot escape liability because some were issued without notice, where that fact did not come to the knowledge of the infringer until after its infringement, which was committed knowingly.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 29, 30; Dec. Dig. ⟨⟩29.]

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. COPYRIGHTS ⟨⇒10—SUBJECT-MATTER OF COPYRIGHT.

A proprietor of a chromo depicting vegetables may acquire copyright in his particular arrangement, which another cannot violate, though the proprietor cannot prevent others from publishing chromos depicting the same vegetables.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 8, 13; Dec. Dig. ⟨⇒10.]

In Equity. Bill by the Stecher Lithographic Company against the Dunston Lithograph Company. Decree for complainant.

Church & Rich, of Rochester, N. Y. (Frederick F. Church, of Rochester, N. Y., of counsel), for plaintiff.

Kenefick, Cooke, Mitchell & Bass, of Buffalo, N. Y. (Christopher Baldy, of Buffalo, N. Y., and L. L. Morrill, of Washington, D. C., of counsel), for defendant.

HAZEL, District Judge. This suit in equity was brought to compel the defendant, Dunston Lithograph Company, to account for the profits and damages arising from the infringement of 26 chromos or lithographs, and to restrain said defendant from further infringing them. The bill avers that in compliance with the Revised Statutes complainant secured copyrights on certain chromos or lithographs of vegetable products, such as carrots, beets, cabbages, radishes, etc.; that in the preparation and publication of such chromos or lithographs large amounts of money were expended; that such chromos were marked copyrighted and bore the date of copyrighting; that the defendant, having notice of such copyrighting, without license or permission from complainant and in violation of the latter's rights, made copies of such chromos, or of substantial portions thereof, in some instances copying the pictures outright, and in other instances merely reversing or transposing them, to the injury of complainant. The proofs support such allegations.

Defendant, in opposition to a decree for complainant, contends (1) that the copyright was invalid for lack of registration in the Patent Office; (2) that 17 of the 26 chromos in suit are shown to have been published without the copyright mark; (3) that the defendant had the legal right to produce pictures of vegetables and use them on seed packages; and (4) that no damages are shown.

[1] 1. The copyrights in question were obtained in the year 1908 under the act of 1905, which amended section 4952, and substantially provided that the proprietor of any engraving, cut, print, or photograph, or negative thereof, or of a painting, drawing, or chromo, intended to be perfected as works of the fine arts, should have the sole liberty of vending the same. Section 3 of the act of 1874, which seems not to have been repealed by the act of 1905, provides that in construing the acts the words "engraving," "cut," and "print" shall be applied only to pictorial illustrations or works of the fine arts, and that "no prints or labels designed to be used for any other articles of manufacture shall be entered under the copyright law, but may be registered in the Patent Office." Upon carefully reading such pro-

visions I am of the opinion that section 4952 makes a clear distinction between chromos and engravings, cuts, and prints, and as section 3 plainly omits chromos they do not come under the provision relating to registration in the Patent Office. In making the distinction Congress no doubt had in mind the ordinary definition of the word "chromo" or "chromo-lithograph," as a picture produced from drawings on stones; each color being represented by a different stone. This view I think finds support in Hills & Co., Limited, v. Austrich (C. C.) 120 Fed. 862, and in Hills & Co. v. Hoover (C. C.) 136 Fed. 701, wherein Judge Lacombe, and later Judge Holland, recognized the distinction between pictures produced from drawings on stones and pictures made from metal plates.

[2, 3] It makes no difference that the pictures in suit are intended for advertising articles of commerce. Louis De Jonge & Co. v. Breuker & Kessler Co. (C. C.) 182 Fed. 150, affirmed 235 U. S. 33, 35 Sup. Ct. 6, 59 L. Ed. 113, or that they possessed little artistic merit. Bleistein v. Donaldson Lithographing Co., 188 U. S. 239, 23 Sup. Ct. 298, 47 L. Ed. 460. It is enough that the evidence shows that the pictures in their details, design, and combination of lines and colors originated with the complainant and are in fact pictorial illustrations or works connected with the fine arts. There is believed to be no force in the contention that the productions in question were merely printing or labels. In Higgins v. Keuffel, 140 U. S. 428, 11 Sup. Ct. 731, 35 L. Ed. 470, the Supreme Court makes a clear distinction between labels placed upon articles manufactured or sold merely to describe or designate such articles and labels serving some other purpose than simply to advertise the subject to which they are attached.

[4, 5] 2. The purpose in requiring publication or notice of copyrighting is to prevent innocent persons from suffering the penalty of the statute for reproduction of the copyrighted article. Sarony v. Burrow-Giles Lithographic Co. (C. C.) 17 Fed. 591, affirmed 111 U. S. 53, 4 Sup. Ct. 279, 28 L. Ed. 349. It is shown that all copies of the chromos circulated contained the proper copyright notice, save a few which were distributed unmarked in sheets; but it does not appear that defendant was misled by such copies. Indeed, these sheets did not come to the attention of the defendant until after the infringing acts in question were committed. Prior thereto written notice of infringement had been given the defendant. In the circumstances it may be presumed that the sheets of pictures without the copyright mark were sent out to the trade as samples, and as said by Judge Shipman in Falk v. Gast Lithograph & Engraving Co., 54 Fed. 890, 4 C. C. A. 648, a sample "is not a published edition, within the meaning of the copyright laws." The defendant does not claim that the lithographs from which the infringing copies were made did not bear the statutory copyright notice.

[6] Section 9541 of the Compiled Statutes, subsection 20, substantially provides that, where the copyright proprietor has sought to comply with the provisions of the act with respect to notice, the omission by accident or mistake of such notice from particular copies does not invalidate the copyright, or prevent recovery for infringement

after actual notice of the copyright, and that no damages are recoverable against an innocent infringer who has been misled by the omission of the notice. Alfred Decker Cohn Co. v. Etchison Hat Co., 225 Fed. 135; Strauss v. Penn Printing & Publishing Co., 220 Fed. 977; Huebsch v. Arthur H. Crist Co., 209 Fed. 889. This provision is applicable to the present situation, and defeats the contention that 17 of the copyrighted chromos should be held not infringed, as they were published without the copyright mark.

[7] 3. The defendant, of course, had an equal right with complainant to make chromos or lithographs depicting vegetables, the identical vegetables with which we are herein concerned, and to use them for advertising purposes; but it had no right to adopt complainant's copyrighted portrayals of such subjects, or to transpose or reverse the same, even though they were produced without posing. To avoid infringement the defendant must form its own conception of the appearance and coloring of the vegetable, and not copy complainant's conception.

4. The questions arising from the sale of the infringing copies in Canada and not in the United States, involving the damages recoverable, are reserved to the accounting.

The complainant may have a decree as prayed for in the bill, with costs.