### CAMPBELL et al. v. WIREBACK et al.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1920.)

No. 1811.

1. Copyrights ⊜9—Advertising cuts held copyrightable.

Advertising cuts, appearing in catalogues and made from drawings originally designed and prepared by persons of skill and artistic capacity, are copyrightable.

2. Copyrights ⊜26—Application by partnership in firm name is substantial compliance with statute.

An application by partners for a copyright, made in the name of the partnership, though such name indicated a corporation, substantially complied with the statute.

3. Copyrights ⊜26—Application not insufficient for want of statement of citizenship or domicile.

An application for a copyright, made in 1911, when no rule of the register's office required a statement of the applicant's citizenship or domicile, was sufficient, though there was no such statement.

4. Copyrights ⊜26—Issuance of certificate cannot be attacked collaterally because of nonobservance of administrative regulation in application.

The acceptance of an application for a copyright, not in strict compliance with a rule of the register's office requiring a statement of the citizenship or domicile of the author and applicant, operated as a waiver of such administrative. regulation, and' the action of the register in issuing the certificates of registration could not be collaterally attacked because of such nonobservance.

5. Appeal and error ⊜932 (1)—Lower court presumed to have exercised discretion in awarding damages.

In a suit for infringing a copyright, where it appeared that defendant had printed 4,000 catalogues containing the infringing cuts and that 750 had been distributed, it must be presumed that the court, in awarding as damages $1 for each of the infringing copies found in defendant's possession, exercised the discretion given by the statute, and that such award expressed its deliberate judgment of what was just under the facts and circumstances.

6. Copyrights ⊜87—Compensation for infringement held committed to trial judge's discretion.

Where the damages from infringement of a copyright are indirect and not capable of ascertainment, the compensation which the copyright proprietor shall receive is committed to the discretion of the trial judge.

7. Copyrights ⊜87—Damages awarded held not abuse of discretion.

In a suit for infringement of a copyright, where it appeared that defendants had printed 4,000 catalogues containing the infringing cuts,

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and distributed 750 of them, an award as damages of $1 for each of the infringing copies found in defendant's possession *held* not an abuse of discretion, especially where no counsel fees were allowed.

Appeal from the District Court of the United States for the District of Maryland, at Cumberland; John C. Rose, Judge.

Suit by Joseph F. Wireback and others, partners doing business as the Pittsburgh Orthopedic Company, against Thomas D. Campbell and others, partners doing business as the Maryland Orthopedic Company. Judgment for plaintiffs (261 Fed. 391), and defendants appeal. Affirmed.

Arthur P. Greeley, of Washington, D. C. (Horace P. Whitworth, of Westernport, Md., on the brief), for appellants.

Edward A. Lawrence, of Pittsburgh, Pa. (A. Taylor Smith, of Cumberland, Md., on the brief), for appellees.

Before KNAPP, Circuit Judge, and SMITH and WATKINS, District Judges.

KNAPP, Circuit Judge. In the court below the appellees were plaintiffs and the appellants defendants; they will be so designated in this opinion. The material facts are not in dispute and may be summarized as follows:

Plaintiffs are partners doing business at Pittsburgh, Pa., under the firm name of Pittsburgh Orthopedic Company. For some years they have been engaged in the manufacture of orthopedic devices, including an "extension shoe" patented by the plaintiff Wireback, and have built up a large and valuable trade. Their products are sold by mail order and by traveling salesmen, and in both methods they make use of illustrated catalogues, of which two appear to have been issued, one in 1911 and another in 1916, and which were copyrighted in those years respectively. These catalogues are of considerable artistic merit; they are printed on tinted paper of fine quality, and the original drawings from which the cuts are reproduced were made by persons especially skilled in work of that kind.

One of the salesmen employed by plaintiffs was C. Russell Cox. He had a relative at Barton, Md., by the name of Hoffa, whom he visited in the early part of 1918. Believing the World War would create a great demand for artificial limbs, they agreed to go into the business of making them, under the firm name of Maryland Orthopedic Company; Hoffa furnishing the capital, and Cox the experience. Thereupon Cox left the plaintiffs' service and proceeded to get up a catalogue for the new concern. Among other things he went to the Pittsburgh engraver, who had made the cuts for plaintiffs from the artist's drawings, and arranged for copies of some of the copyrighted cuts, including those of the extension shoe. For some reason, however, Cox seems to have dropped out about the time operations were commenced, and the business was actually carried on by the present defendants. There is no doubt, as the trial court finds, that they intended "to make and sell goods just like those of the plaintiffs"; and the fact of infringement, if the cuts in question were properly copyrighted, is not open to dispute.

In April, 1919, this suit was brought to restrain the further infringement of plaintiffs' copyrights and for damages. The decree of the court below grants the injunction prayed for and awards damages in the sum of $4,000.

[1] It is contended here, first, that the cuts reproduced in defendant's catalogue are not copyrightable matter, but this contention is refuted by abundant authority. It is sufficient to cite Westermann Co. v. Dispatch Co., 249 U. S. 100, 39 Sup. Ct. 194, 63 L. Ed. 499, in which the Supreme Court assumes the validity of a copyright of pictorial illustrations of styles in women's apparel, and which therefore seems controlling of the instant case. Among other cases of like import and directly in point are Bleistein v. Donaldson Lithographing Co., 188 U. S. 239, 23 Sup. Ct. 298, 47 L. Ed. 460, which sustains a copyright on circus posters showing groups of performers; Da Prato Statuary Co. v. Guiliani Statuary Co. (C. C.) 189 Fed. 90, holding that a catalogue of cuts of pieces of statuary was copyrightable; White Co. v. Shapiro (D. C.) 227 Fed. 957, sustaining the copyright of a catalogue containing cuts of lighting fixtures; and Stecher Lithographic Co. v. Dunston Lithographic Co. (D. C.) 233 Fed. 601, upholding the copyright of chromos or lithographs of certain vegetable products. Bearing in mind that plaintiffs' cuts are made from drawings which "were originally designed and prepared by persons of skill and artistic capacity," as the court below finds, the case in hand comes clearly within the rule which we believe to be stated correctly in Weil on Copyrights, p. 226, as follows:

"A mere advertisement of a bare list of articles, prices or facts would seem not to be copyrightable. It would lack the minimum of originality necessary for copyright. On the other hand, catalogues or other advertisements having originality, or quasi artistic character, are copyrightable. It requires very little originality indeed to render proposed advertising matter copyrightable."

[2-4] It is further contended that no action can be maintained on plaintiffs' copyrights because they were not registered in accordance with the Copyright Law. The only defects alleged are in the applications for the copyrights of 1911 and 1916. In the former, the Pittsburgh Orthopedic Company, without naming the persons composing that firm, is given as the applicant and author, and "no statement is made as to whether the author is native-born or naturalized citizen or permanent resident of the United States"; in the latter the Pittsburgh Orthopedic Company is likewise named as applicant and author, and the country of which the author is a citizen or subject is stated to be "U. S. A." It is therefore said that the first application omits an essential statement, while the second contains a misstatement, because a partnership cannot be a citizen. These objections are extremely technical, and especially so as there is no question that all the plaintiffs were in fact citizens of the United States. That a partnership may obtain a copyright in the firm name, even if that name indicate a corporation, seems to be assumed, if not directly held, in a number of cases. Bleistein v. Donaldson Lith. Co., 188 U. S. 239, 23 Sup. Ct. 298, 47 L. Ed. 460; Callaghan v. Myers, 128 U. S. 617, 9 Sup. Ct.

177, 32 L. Ed. 547; Burrow-Giles Lithographic Co. v. Sarony, 111 U. S. 53, 4 Sup. Ct. 279, 28 L. Ed. 349; Scribner v. Clark (C. C.) 50 Fed. 473; Stecher Lith. Co. v. Dunston Lith. Co. (D. C.) 233 Fed. 601. And no decision of contrary import has been brought to our attention. Indeed, the practice of using the firm name, when a partnership applies for a copyright, appears to be rather common. Even the defendants copyrighted their catalogue in the name of Maryland Orthopedic Company.

As to the matter of citizenship, it is enough to say that there is no statutory requirement for the inclusion of a statement of citizenship or domicile in the application for copyright; nor, so far as we are advised, was such a statement required by any rule of the register's office in 1911 when plaintiff's first application was filed. And the rule adopted in 1913 and since in force prescribes merely refusal of registration as the penalty for its nonobservance. We are therefore constrained to hold, without arguing the point, that the acceptance of plaintiff's applications operated as a waiver of the administrative regulation, if in fact it was not strictly observed, and that the action of the register in issuing to them the certificates of registration cannot be collaterally attacked in this proceeding. In short, we are of opinion that plaintiffs have substantially complied with the statute and that the copyrights obtained by them are entitled to full protection.

[5-7] The remaining contention is based on the award of damages. It appears that defendants prepared a catalogue of their appliances, including the infringing cuts, and had 4,000 copies printed. Of these some 750 had been distributed at the time of the trial; the others were still in their possession. In the opinion of the court below all that is said on the question of damages is this:

"The plaintiffs are entitled to an injunction and to a decree for the statutory $1 for each of the infringing copies found in defendants' possession and for the destruction of such copies."

This is claimed to show that damages were assessed at $4,000, not in the exercise of discretion, but merely on the basis of the number of catalogues which defendants had printed, and therefore that it is not an award of "such damages as to the court shall appear to be just," as the statute provides. We do not so construe the award. The language is perhaps a little ambiguous, but the meaning and intent are not uncertain. The court is presumed to know the provisions of the Copyright Act, and to have exercised the discretion which that act enjoins, and the award must therefore be accepted, unless the contrary distinctly appears, as expressing its deliberate judgment of what is just under the facts and circumstances developed at the trial. In such a case as this, where the damages are indirect and not capable of ascertainment, the compensation which the copyright proprietor shall receive for the injuries caused by the infringer is committed to the discretion of the trial judge. This is distinctly held in Westermann Co. v. Dispatch Co., 249 U. S. 100, in which the Supreme Court says, at page 106, 39 Sup. Ct. 194, 195 (63 L. Ed. 499):

"The fact that these damages are to be 'in lieu of actual damages' shows that something other than actual damages is intended—that another measure

is to be applied in making the assessment. * * * In other words the court's conception of what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like, is made the measure of the damages to be paid, but with the express qualification that in every case the assessment must be within the prescribed limitations, that is to say, neither more than the maximum nor less than the minimum. Within these limitations the court's discretion and sense of justice are controlling, but it has no discretion when proceeding under this provision to go outside of them."

We are unable to find any abuse of discretion in making the award under review, and this conclusion is supported by the fact that no counsel fees were allowed, as might have been done. The case is an aggravated one in many ways, and the damages inflicted by the unconscionable conduct of defendants are properly measured, as the quoted decision holds, by "the court's conception of what is just."

Affirmed.