## IDEAL AEROPLANE & SUPPLY CO., Inc., v. BROOKS et al.

### No. 8255.

District Court, E. D. New York.

April 3, 1937.

Harold Greenwald, of New York City, for plaintiff.

Albert A. Burdick, of New York City, for defendants.

BYERS, District Judge.

Motion for a temporary injunction in a copyright cause.

The papers consist of the bill of complaint, and two supporting affidavits with exhibits for the plaintiff, and an answering affidavit of the defendant.

The parties are making and selling sets of parts which, when assembled, constitute crude models of the S. S. Queen Mary.

Accompanying each set of parts is a diagrammatic instruction sheet, upon which are portrayed (a) what purports to be a plan or scheme of the entire ship in side elevation, and (b) sundry elements such as the hull, one deck, superstructure, funnel, bridge, etc.

The object of the sheet is to teach the method and purpose of the assembly of the various parts, some of which are of wood, and others paper, in the plaintiff's set; apparently all are of wood in the defendant's.

The plaintiff's instruction sheet is copyrighted as to the drawings, and the defendant's is not, although it falsely reads "Copyright 1936."

The question is necessarily presented of whether the plaintiff's instruction sheet was the subject of copyright. Ansehl v. Puritan Pharmaceutical Co. (C.C.A.) 61 F.(2d) 131.

It is thought that the cases holding that an advertising catalogue containing cuts may be so protected, are sufficiently analogous to provide an affirmative answer. See J. H. White Mfg. Co. v. Shapiro (D.C.) 227 F. 957; Campbell v. Wireback (C.C. A.) 269 F. 372, and cases cited in those opinions.

It is deposed for the plaintiff, and not denied by the defendant, that the illustrations in the plaintiff's instruction sheet were made from original drawings by Kramer, the plaintiff's employee, whose affidavit is included in the moving papers. The drawings themselves constitute part of plaintiff's exhibits. They were prepared after the deponent had made a model of the

steamship from a series of photographs of the vessel procured for that purpose.

The defendant's instruction sheet reproduces, with such fidelity as to exclude mere coincidence, eleven separate features of the plaintiff's various drawings, and two others in part.

Considering the undisputed recital as to the origin of the plaintiff's material from which the cuts were made, the conclusion is inescapable that in these respects the defendant has infringed the plaintiff's copyrighted product with deliberation and discrimination.

The untrue assertion that his own instruction sheet is copyrighted is consistent with the defendant's conduct as stated.

Motion for preliminary injunction granted, upon the plaintiff's filing a bond in the sum of $100.

Settle order.