**BURNDY ENGINEERING CO., Inc., v. PENN–UNION ELECTRIC CORPORATION et al.**

**No. 3331.**

District Court, W. D. Pennsylvania.

Nov. 4, 1938.

508

Leo J. Linder, Leo Magill Goodman, and Harry E. Rubens, all of New York City, and Julius E. Foster, of Pittsburgh, Pa., for plaintiff.

Enoch Filer and W. G. Sullivan, both of Erie, Pa., for defendants.

### SCHOONMAKER, District Judge.

This is a copyright-infringement suit. The plaintiff is engaged in the business of manufacturing and selling electrical conductors and connectors, having a plant and place of business in the City of New York. The defendant corporation is engaged in the same business at Erie in this District. The defendant Stoeltzen is an officer and manager of the corporate defendant's business. The plaintiff, in the course of its business, and at an expense of some $50,000, prepared and published certain catalogues of the several devices manufactured by it, containing data as to the devices which it manufactured, giving technical, mechanical and commercial information, and this for the purpose of facilitating its business and the advertising and sale of its product. Plaintiff duly copyrighted these catalogues, and certificates of copyright registration were issued to the plaintiff. These copyrighted catalogues were largely circulated and distributed throughout the electrical trade.

The defendant corporation likewise has published and distributed to the trade certain catalogues which contain certain pages copied in whole or in part from plaintiff's copyrighted catalogues. In so doing, defendants contend (1) they have not violated the copyright table portions of plaintiff's catalogues; and (2) the plaintiff's catalogue is anticipated by the catalogue of the Burke Electric Company.

It is well established under the authorities that trade catalogues are within the Copyright Law. See National Cloak & Suit Co. v. Kaufman, C.C., 189 F. 215; DaPrato Statuary Co. v. Giuliani Statuary Co., C.C., 189 F. 90, 92; J. H. White Mfg. Co. v. Shapiro, D.C., 227 F. 957; Campbell v. Wireback, 4 Cir., 269 F. 372; Jewelers' Circular Pub. Co. v. Keystone Pub. Co., D.C., 274 F. 932; No-Leak-O Piston Ring Co. v. Norris, 4 Cir., 277 F. 951; Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 61 F.2d 131; Bleistein v. Donaldson Lithographing Co., 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460.

On the defense of anticipation, it need only be said that a comparison of the Burke catalogue with these of the plaintiff clearly shows there is no anticipation in Burke. In fact, the defendant Stoeltzen, on cross-examination (Record p. 63), admits that this is so.

On the defense of non-infringement, a comparison of the pages of defendants' catalogues, charged to infringe similar pages of plaintiff's catalogues, clearly shows such similarity that there can be no other conclusion than that the defendants have infringed. For instance, a comparison of some sixty-one pages of plaintiff's catalogues with parallel pages of defendants' catalogues shows they are substantially identical in text arrangement, style and layout, even to the point of the copying of common errors. In addition to that, defendant Stoeltzen admitted on the trial the copying dimensions, sizes, and tabulations from plaintiff's catalogues, and also the copying of certain drawings therein by the tracing of them on tracing paper placed over the drawings in the catalogues.

Therefore, both from proofs and admissions, the fact of infringement appears conclusive.

 The defendants are contending that the copyright claimed would give plaintiff a monopoly on the articles themselves, which are described in its catalogues. There is nothing to that position, because no decree entered in this suit for plaintiff could in any manner interfere with the right of defendants to manufacture the articles themselves. It is the portrayal and description in their catalogues of the articles manufactured by defendants that is · the subject matter of this suit. Had the defendants made their own computation of dimensions, sizes, and drawings of the articles they manufactured, instead of copying such dimensions, sizes, and drawings from plaintiff's catalogues, the plaintiff would have no cause of complaint. In other words, the fact that plaintiff has coyprighted its catalogues does not prevent defendants from doing their own cataloguing and including therein their own listings and illustrations, even though they be similar to those in the plaintiff's copyrighted catalogues. See Stecher Lithographic Co. v. Dunston Lithograph Co., D.C., 233 F. 601; Woodman . v. Lydiard-Peterson Co., C.C., 192 F. 67, 70; Brightley v. Littleton, C.C., 37 F. 103; J. H. White Mfg. Co. v. Shapiro, D.C., 227 F. 957.

The contention by defendants that tabulations of sizes and dimensions are not subject to copyright is likewise untenable under the authorities hereinbefore recited. There is nothing to prevent the defendants making their own computation of sizes and dimensions, and inserting the results thereof in their own catalogue. This, however, they did not do. They merely copied the results compiled by the plaintiff.

As to the contention by the defendants that the illustration-drawings inserted in their catalogue are not the subject of copyright because they are not connected with the fine arts, the copyright statute will not bear any such interpretation. The Supreme Court held in Bleistein v. Donaldson, Lithographing Co., 188 U.S. 239, 250, 23 S.Ct. 298, 47 L.Ed. 460, that the words in the statute, "connected with the fine arts," 17 U.S.C.A. § 63, applied only to and limited the word "work" and had no limitation on the words "prints, cuts and engravings" contained in the copyright statute.

On the whole case, it is clear that the defendants have infringed plaintiff's copyright.

Findings of fact, conclusions of law, and decree in accordance herewith are filed; also a writ for the seizure of the infringing catalogues.