**PERKINS MARINE LAMP & HARDWARE CO. v. GOODWIN STANLEY CO.**

Civ. 8520.

United States District Court
E. D. New York.

Aug. 31, 1949.

Schaines & Liberman, New York City, William R. Liberman, New York City, for plaintiff.

David Haar, New York City, for defendant.

RAYFIEL, District Judge.

The plaintiff, a manufacturer and distributor of marine hardware, sues the defendant, a jobber and distributor of said products, for infringement of three book copyright registrations of catalogues of marine hardware.

The plaintiff, in 1944, 1946 and 1947 and for many years prior thereto, published and was granted certificates of book registration for catalogues of its merchandise. In 1947 the defendant published a catalogue which was not copyrighted.

The plaintiff maintains that twenty-one cuts in the defendant's catalogue were appropriated from the plaintiff's 1944, 1946 and/or 1947 catalogues.

The defendant contends that such appropriation is common in the industry; that many dealers, in preparing their catalogues, use material contained in other catalogues; that many of the cuts which plaintiff claims were taken from its catalogues were actually taken from the catalogues of other jobbers and manufacturers.

An examination of plaintiff's exhibit No. 11, a chart showing the cuts and script material from the plaintiff's 1944, 1946 and 1947 catalogues, and the alleged appropriations thereof appearing in the defendant's catalogue, discloses the fact that the items in question were appropriated by the defendant from the plaintiff's catalogues.

The law is well settled that plaintiff's catalogue is copyrightable matter, Title 17 U.S.C.A. § 5; Da Prato Statuary Co. v. Giuliani Statuary Co., CC., 189 F. 90; J. H. White Mfg. Co. v. Shapiro, D.C., 227 F. 957; Norris et al. v. No-Leak-O Piston Ring Co., D.C., 271 F. 536; Burndy Engineering Co., Inc., v. Penn-Union Electric Corp., D.C., 25 F.Supp. 507; Kraft v Cohen, D.C., 32 F.Supp. 821.

The defendant also contends that since the plaintiff claims that only 21 of the 137 items contained in its catalogue were copied the extent of such appropriation was too inconsequential to justify a decree in favor of the plaintiff. The law with regard to this contention was well stated by Judge Maris in Henry Holt & Co., Inc., to use of Felderman v. Liggett & Myers Tobacco Co., D.C., 23 F.Supp. 302, at page 303 where he said: "(1) In order to constitute an infringment of the copyright of a book it is not necessary that the whole or even a large portion of the book shall have been copied. It is sufficient if a material and substantial part shall have been copied, even though it be but a small part of the whole. Lawrence v. Dana, 15 Fed.Cas.No.8,136, pp. 26, 60, 4 Cliff. 1; Campbell v. Scott, 11 Sim. 31, 11 L.J.Ch. 166, 6 Jur. 186, 59 Eng.Reprint 784; Trade Auxiliary Co. v. Middlesborough & District Tradesmen's Protection Assn., 40 Ch. Div. 425, 58 L.J.Ch. 293, 66 L.T. 681, 37 W.R. 337, 5 T.L.R. 254, C.A.; Leslie v. Young & Sons, (1894) A.C. 335, 6 R. 211, H.L.; Cooper v. Stephens, (1895) 1 Ch. 567; West Pub. Co. v. Lawyers' Co-operative Pub. Co., 2 Cir., 79 F. 756, 35 L.R.A. 400; Da Prato Statuary Co. v. Giuliani Statuary Co., C.C., 189 F. 90. 'If so much is taken, that the value of the original is sensibly diminished, or the labors of the original author are substantially to an injurious extent appropriated by another, that is sufficient, in point of law, to constitute a piracy pro tanto.' Folsom v.

Marsh, 9 Fed.Cas. pp. 343, 348, No. 4901, 2 Story 100."

Judgment is granted in favor of the plaintiff and against the defendant directing:

(1) That the defendant, its agents, servants, employees and all persons acting under its direction, authority and control be enjoined and restrained from infringing in any manner the copyrights of the plaintiff.

(2) That the defendant be required to pay to the plaintiff such damages as the plaintiff has sustained as a result of the defendant's infringement of its copyrights.

(3) That the defendant be required to block out from all catalogues in its possession or under its control such drawings, photographs, or cuts, together with the script or legend referring thereto, as infringe the copyrights of the plaintiff, and to surrender all plates, molds and other matter used for the production of such infringed matter.

(4) That the defendant be directed to pay to the plaintiff the costs of this action and reasonable attorneys' fees to be fixed and allowed by the Court.

Submit, on notice, decree in conformity herewith.