LAIN vs. COOK.

Where the law prescribes a particular form for a tax deed, it must be substantial-
ly if not literally pursued, or the deed will be void.

In a tax deed made under chap. 66, Laws of 1854, the omission of the words "as
the fact is," in the recital relative to the sale of the land, and in that relative
to its non-redemption, is a fatal defect.

These words are in the nature of a certificate on the part of the officer who exe-
cutes the deed, that he has examined the records and finds the facts to be as
stated in the deed.

APPEAL from the Circuit Court for *Waukesha* County.

This was an action to recover real estate, on the trial of
which the plaintiff offered to read in support of his title a
tax deed executed on the 22d of May, 1858, by the clerk of
the board of supervisors of Waukesha county, which was as
follows:  " To all to whom these presents shall come, greet-
ing.—Whereas, Gordon C. Cone has deposited in the office of
the clerk of the board of supervisors of the county of Wau-
kesha, eight certificates of the treasurer of said county,
whereby it appears that the following pieces or parcels of
land, situate in said county, to wit, [describing them,] were,
for the non-payment of taxes, sold by the treasurer of said
county at public auction, at Waukesha in the county of
Waukesha, on the 10th day of April, in the year 1855, to
the said Gordon C. Cone, for the sum of $24.63 in the whole,
which sum was the amount of taxes assessed, and due and
unpaid, on said tracts of land, together with the costs and
charges of such sale, due therewith, at the time of making
such sales, the whole of which sum of money has been paid
by the aforesaid purchaser ; and whereas it further appears,
that the owner or claimant of said lands has not redeemed
from said sale the lands which were sold as aforesaid, and
the said lands are now unredeemed from such sale, due no-
tice whereof has been given according to law, whereby said
described lands have become forfeited, and the said pur-
chaser, his heirs and assigns, is entitled to a conveyance
thereof:  Now therefore, know all men, that the county of
Waukesha in said state, and the state of Wisconsin, in con-
sideration of &c., hath given and doth hereby give, grant "

&c. The defendant objected to the admission of the deed, on the ground, among others, that material averments prescribed by the statute, to wit, the words "as the fact is," were omitted in said deed. The objection was overruled. The defendant introduced evidence for the purpose of showing that the tax proceedings prior to the execution of the deed were irregular, and the court charged the jury, among other things, that they must find for the defendant, for the reason that the return of the town treasurer, the affidavit of publication and printing, and the proceedings of the county board of supervisors, were illegal and irregular. Verdict for defendant; motion for a new trial overruled; and judgment.

C. K. Davis, for appellant.

D. G. Rogers, for respondent:

When the statute prescribes a particular form to be observed in the execution of a tax deed, that form becomes substance, and must be strictly pursued or the deed will be held void. *Chandler vs. Spear*, 22 Vt., 388 ; Blackwell on Tax Titles, 435. The words "as the fact is," do not occur in the form of tax deed prescribed by the act of 1854, except where they refer to matters of record. The legislature intended by the use of the words, that the officer executing the deed should examine the record, and that he should in that manner declare that the record showed that the facts recited in the deed were true. The omission of those words renders the deed void.

*By the Court,* COLE, J. As we have arrived at the conclusion that the tax deed offered in evidence in this cause was radically defective, it will not be necessary to notice the other points made upon the briefs, and discussed by counsel on the argument.

The deed was made under Chap. 66, Laws of 1854, and undoubtedly was intended to be in strict compliance with the form therein prescribed. But it is not. In the form prescribed by this law, the words "as the fact is" are inserted in two different places; one of which relates to the sale of the land which is about to be conveyed, and the other

January Term, to the non-redemption of the land, by the owner or claim-
1862.

LAIN
v.
COOK.

ant, from such sale. Neither these words nor any equivalent language is inserted in this deed, and for that reason we deem it defective.

There can be no doubt that it is èntirely competent for the legislature to prescribe the form of a tax deed to transfer title, and where a particular form is prescribed, it must be substantially, if not literally pursued, or the deed will be void.  *Chandler vs. Spear*, 22 Vermont R., 388; *Ferris vs. Crow*, 5 Gilman, 96; *Smith vs. Hileman*, 1 Scammon, 323; *Atkins vs. Kinnan*, 20 Wendell R., 246.  The statute under which this deed was executed declares that the deed "shall be substantially in the following or other equivalent form," giving the form of the deed.  Now the question arises—Does this deed meet the requirements of that law ?  It appears to us that it does not, because of the omission of the words referred to.  The office or purpose of this language "as the fact is," which is required to be inserted in the deed, seems to be in the nature of a certificate or averment on the part of the officer who executes the deed, that he has examined the records and found the facts to be as stated in the deed.  It thus becomes a written declaration under the ·hand of the officer, that the matters in the deed are true.  This seems to be the intention of the legislature in requiring these words to be inserted in the deed, and in that view the language becomes material and cannot be omitted.

It was however claimed and insisted by the counsel for the appellant, that these words were not intended to be inserted in the deed at all, and if not, were surplusage in the statute, at most merely designed to direct the officer as to the manner of making out the deed ; that they were like the directions which are frequently inserted in blank forms to show the proper way of filling them up.  I was at first inclined to adopt this view of the matter, and the more so because those words in the printed *statute* are included in a parenthesis; but on reflection I am satisfied it is unsound.  It is very true I could·not possibly see what was to be inserted in the place of the language "as the fact is," or what they could possibly refer to either in the antecedent or subsequent

clauses in the deed. They could not be in the nature of directions to the officer for filling up the deed, since there was nothing to be inserted in their stead. Besides, this construction obviously gave the words no meaning or force whatever, and was in violation of the familiar rule that some effect must be given to every word of the statute if possible. Moreover, on looking at the original law in the office of the secretary of state, I find that these words, " as the fact is," are not included in parenthesis, as they are in the printed statute. This confirms me in the opinion that the suggestion that the words were intended merely as a direction to the officer for filling up the deed, is not correct. And this view is further strengthened by the language used in the form given in chapter 503, Laws of 1852, for which these words " as the fact is" seem to have been substituted in the law of 1854. That language is, " and whereas it appears from an examination of the records in my office that said land is unredeemed," &c. The legislature must have considered the words " as the fact is," inserted in the tax deed under the law of 1854, as equivalent in meaning to the above clause contained in the deed made under the law of 1852. They thus become a written declaration under the hand of the officer, intended to verify or substantiate the facts stated in the deed. This, beyond all question, renders them matters of substance, and their omission from the deed is a fatal defect in the instrument.

It follows from this that the judgment of the circuit court must be affirmed.