## WAKELEY VS. MOHR.

The omission of the words "as the fact is" in that clause of a tax deed executed under chap. 66, Laws of 1854, which declares that the owner of the land described in the deed has not redeemed, &c., renders the deed void, although those words are duly inserted in the clause which relates to the *sale* of the land.

APPEAL from the County Court of *Dane* County.

This was an action under secs. 35 et seq., ch. 22, Laws of 1859, to quiet the plaintiff's title under a tax deed, to land in said county. *Mohr* demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action, and that several causes of action were improperly joined therein. The court sustained the demurrer, and the plaintiff appealed. A former decision of this court, overruling the order appealed from, will be found in the 15th volume of this series, pp. 609–611. The respondent moved for a rehearing on the ground that the tax deed under which the plaintiff claimed was invalid, the words " as the fact is " being omitted from that clause which declares that " it further appears that the owner of said lots of land has not redeemed from said sale the said lots of land which were sold as aforesaid ; and said lots of land are now unredeemed from such sale, whereby " &c. A rehearing was granted, and the cause was re-argued at the January term, 1864.

*J. C. Hopkins,* for respondent.

*Wakeleys & Vilas,* for appellant :

The reasons assigned in the opinion in *Lain v. Cook* do not apply to the omission of the words " as the fact is " in the last place where they occur in the statute form of the tax deed.

The court say that those words are intended as a positive assertion, in the first place, that the land was sold; and in the second place, that the owner &c. has not redeemed it. This we concede. But in the last place the added words "and said lands are now unredeemed from such sale" are a positive and unqualified assertion that *no person* has redeemed the lands. The sentence is not to be read as if the word "that" preceded the words just above quoted, and connected them with "appears;" but, by the most familiar rules of grammatical construction, the quoted words are of themselves a distinct and positive assertion that "said lands are now unredeemed from such sale." If so, then a form of deed omitting the words "as the fact is" in the last place is "equivalent" to one containing them.

*By the Court*, DIXON, C. J. A rehearing was granted in this case upon the point decided in *Lain v. Cook*, 15 Wis., 446, and not presented in the first argument, namely, that the tax deed set out in the complaint is void for the omission of the words "as the fact is," required by chapter 66, Laws of 1854. Counsel struggled to distinguish this case from *Lain v. Cook*, and to show that the recitals of the deed are equivalent in substance to the words used in the statute. It is hard, however, to struggle against the positive requirements of a statute, and we think the learned counsel felt the difficulty. The deed contains no words of equivalent signification, and the cases are not distinguishable.

Order affirmed.