WILLIAM D. HALLER, PLAINTIFF IN ERROR, v. RICHARD BLACO, DEFENDANT IN ERROR.

1.  **Practice:**  EXCLUSION OF TESTIMONY.   When the error complained of lies in the exclusion of testimony under objection by opposing counsel, and the record, although showing the objections made, is silent as to the ruling of the court thereon, there is no question presented for review.

2.  **Tax Deed:**  EVIDENCE.   Among the recitals required by statute in a tax deed is that of the *place* where the tax sale was made.   Without this recital the deed is void, and no evidence of title in the purchaser.

NOTE.—The deed must conform substantially to the requirements of the statute under which it is executed.   The omission of the "county seal," as required by the act of 1869, Gen. Stat., 923, renders the deed void, nor is it admissible even to show color of title. *Sutton v. Stone,* 4 Neb., 321.   Parties holding tax deeds are not proper parties in an action of foreclosure, but if they be made parties they have a right to defend their title.   *Hurley v. Cox,* 9 Neb., 232.—REP.

THIS was an action of ejectment brought by Haller against Blaco in the district court of Washington county. The plaintiff relied on a treasurer's tax deed executed under the provisions of the revenue law of 1869 [Gen. Stat., 918, 923], to support his claim of title to the land in dispute. This was excluded under objection by the defendant, and judgment entered in his favor before SAVAGE, J.

*Ballard & Walton* and *Carrigan & Osborn*, for plaintiff in error, cited *McReady v. Sexton*, 29 Iowa, 856. *Turner v. Yeoman*, 14 Ohio, 217. *Stanberry v. Sillon*, 13 Ohio State, 571.

*E. Estabrook*, for defendant in error, cited Hilliard on Taxation, 544–5. Burroughs on Taxation, 324–335. 3 Washburn on Real Property, 208. Blackwell on Tax Titles, 368–9. Cooley on Taxation, 337. *Chandler v. Spear*, 22 Vt., 388. *Kinney v. Beverly*, 2 Henning & Munford, 531. *Smith v. Hillman*, 1 Scammon, 323. *Davison v. Gill*, 1 East., 64. *Boardman v. Bourne*, 20 Iowa, 134. *Lain v. Cook*, 15 Wis., 446.

LAKE, J.

This is a petition in error from Washington county. The only errors complained of by the plaintiff's counsel in their brief are the exclusion, *first*, of the tax deed, and *secondly*, of the treasurer's certificate of tax sale, offered in evidence to prove title to the land in controversy.

As to the certificate, the record before us fails to show any ruling of the court on the objection interposed to it by the defendant's counsel; nor is it shown whether the instrument was actually received in evidence or not. For these reasons no question

concerning this certificate is presented for our decision. Where the record is silent as to the ruling of the court below on an objection to testimony offered, no foundation is laid for a review of that ruling here, whatever it may have been. In such case it is impossible to say that an error was committed, while the presumption is there was not.

Nor do we perceive any error in the ruling of the district judge upon the objection to the deed. The statute prescribes a particular form for a tax deed, which "shall be, as far as practicable," followed by the treasurer in making the conveyance. It will not be questioned that in order to deprive the owner of land of his title thereto under tax proceedings it must be shown that every material pre-requisite of the statute has been strictly complied with. In this state the legislature have seen fit to require that most of the essential steps to a valid tax sale of land shall be recited in the treasurer's deed, which is made *prima facie* evidence that they were taken. Among these essential steps that must be recited in the deed is the place of sale, which must have been either " at the court house or place of holding courts in his county, or at the treasurer's office." The language of the statutory form of deed being " *at the door of the court-house*," but as this is to be followed only so " far as practicable," and inasmuch as the sale might have been made elsewhere, the fact on this point concerning it must be stated. And this statement of the place of sale is not matter of form merely, it is of the substance of a valid deed, and the courts are no more at liberty to disregard it than they are any one, or all even, of the numerous other recitals which the statute requires. *Lain v. Cook*, 15 Wis., 446. *Harrington v. City of Worcester*, 6 Allen, 576. *Smith et als. v. Hileman*, 1 Scam., 330. The deed was rightly excluded,

Haller v. Blaco.

and the judgment of the court below must be affirmed.

AFFIRMED.

COBB, J., concurs.

MAXWELL, CH. J., dissenting.

To that portion of the opinion of the majority of the court holding that the deed in question is void upon its face I cannot give my assent.

Section 56 of the revenue law, approved February 15, 1869, provides that " on the first Monday of September in each year, between the hours of 9 A.M and 4 P.M., the treasurer is directed to offer at public sale at the court-house, or place of holding courts in his county, or at the treasurer's office, where by law the taxes are made payable, all lands upon which the taxes of the previous year still remain unpaid," etc. Gen. Stat., 918.

Section 63 provides that " after the tax sale shall have closed, and after the treasurer has made his return thereof to the county clerk, as provided in section 59, * * * if any real estate remain unsold for want of bidders therefor, the county treasurer is authorized and required to sell the same at private sale at his office," etc.

Section 67 provides for the execution of a deed in case of the failure to redeem the land.

Section 68 provides that " such conveyance shall be executed by the county treasurer under his hand, and the execution thereof shall be attested by the county clerk with the county seal, and such deed shall be *prima facie* evidence of the truth of all the facts therein recited, and no more, and such deed shall be, as far as practicable, in the following form " [*giving form*].

The only objection made to this deed is the omission of the words " at the door of the court-house." These words are not, in my opinion, matter of substance. They are not words that must appear in the deed, showing a compliance with conditions precedent to the right to sell, and upon which the authority to sell depends, but merely designate the place of sale for the convenience of purchasers.

Section 104 provides that " tax deeds shall be *prima facie* evidence—

" *First.* That the land conveyed was subject to taxation, and had been assessed at the time and in the manner required by law.

" *Second.* That the taxes were not paid at any time before the sale.

" *Third.* That the lands conveyed had not been redeemed from the sale at the date of the deed.

" *Fourth.* That the land was advertised for sale in the manner required by law.

" *Fifth.* That the land was sold for taxes, as stated in the deed.

" *Sixth.* That the grantee in the deed was the purchaser, or his or her assignee.

" *Seventh.* That the sale was conducted as required by law, and this shall apply as well to private as to public sales made by the treasurer for taxes," etc.

The deed in question contains the following recital: " And it appearing that said lands were legally liable for taxation, and had been duly assessed and properly charged on the tax book or duplicate for the year 1870, and that said lands had been legally advertised for sale for taxes, and were sold on the fourth day of September, 1871," etc.

The deed also contains this recital:

" Whereas, J. H. Hungate did, on the sixth day of September, 1873, produce to the undersigned, Alex-

ander Reed, treasurer of the county of Washington, in the state of Nebraska, a certificate of purchase in writing, bearing date the fourth day of September, 1871, signed by Alexander Reed, who at the last-mentioned date was treasurer of said county, from which it appears that said J. H. Hungate did, on the fourth day of September, purchase at public tax sale the tract," etc.

Under our statute a tax deed, as near as practicable in the statutory form, is *prima facie* evidence not only of the regularity of the sale, but of all prior proceedings and of the title of the purchaser. The burden of proof which formerly rested upon the purchaser now devolves upon the party contesting the sale. At common law it was necessary that one who claimed to have obtained the property of another under proceedings based upon a neglect of public duty, should take upon himself the burden of showing that the law had been complied with by those who had the proceedings in charge. And this rule, unless changed by statute, is applied to a party claiming lands under a sale for taxes. Cooley on Taxation, 326.

And under this rule a strictness of proof has been required which in most cases it has been utterly impossible to produce. The only effect of these decisions has been to offer a premium to land owners to neglect to pay their taxes. But such decisions have no application to tax deeds in this state. Revenue laws are not now regarded as penal in their character, and therefore strictly construed. *United States v. Hodson*, 10 Wall., 395–406. *United States v. Barrels of Spirits*, 2 Abb. U. S., 305–314.

Cooley, in his valuable work on taxation, 206–7, uses the following language: "Statutes relating to taxes are not penal statutes, nor are they in derogation of natural rights, although taxes are regarded by

many as burdens, and many look upon them even as money arbitrarily and unjustly extorted from them by government, and hence justify themselves and quiet their consciences in resorting to questionable means for the purpose of avoiding taxation. * * But there is not only a necessity for taxation, but it is eminently just and equitable that it should be as nearly equal as possible; hence it is the policy of the law to require all property not specially exempted to bear its proportion of the public burdens. * * In construing statutes relating to taxes therefore, we ought, where the language will so permit, so to construe them as to give effect to the obvious intention and meaning of the legislature, rather than to defeat that intention by a too strict adherence to the letter."

This seems to be the most satisfactory mode of construing the revenue law. The legislature undoubtedly has power to prescribe the form of a tax deed, which must be substantially pursued.

In the case of *Lain v. Cook*, 15 Wis., 446, cited in the opinion of the majority of the court, the statutory form of deed required the insertion of the words " as the fact is " in two places in the deed, " one of which related to the land about to be conveyed, and the other to the *non-redemption* of the land." The court say: " Neither these words nor any equivalent language is inserted in this deed, and for that reason we deem it defective." * * " The office or purpose of this language * * seems to be in the nature of a certificate or covenant on the part of the officer who executes the deed, that he has examined the records and found the facts to be as stated in the deed." *Id.*, 448. The court hold the omission of the words a matter of substance.

In *Harrington v. City of Worcester*, 6 Allen, 576, the statute required the deed to " state the cause of sale,"

Haller v. Blaco.

and also the particulars preparatory to the sale. In that case the deed stated a demand for the tax upon the person taxed, but did *not* state that payment was not made within fourteen days, as required by the statute. The court held that that provision of the statute was a condition precedent to the operation of the deed—in effect that the power to sell only became operative upon the failure to pay the tax within fourteen days after demand.

In the case of *Smith v. Hileman*, 1 Scammon, 330, the court held that an administrator's deed of real estate must set forth at large the order of the circuit court directing the sale. The court say : "A special power granted by statute affecting the rights of individuals, and which divests the title to real estate, ought to be strictly pursued, and should so appear on the face of the proceedings."

In the cases cited it will be seen that the defects were *jurisdictional*—that it did not appear on the face of the deeds, that the power to sell existed or had become operative ; but in the case at bar the deed states all the facts necessary to authorize the treasurer to sell, and where jurisdiction is shown the same presumptions obtain in favor of a treasurer as other officers, viz.: that he has performed his duty in the manner required by law, and that the land in dispute was sold at the door of the court house, or in the treasurer's office. See Cooley on Taxation, 329, 332. This being the case, the judgment of the district court should be reversed.