### NORRIS et al. v. NO–LEAK–O PISTON RING CO.

(District Court, D. Maryland. March 28, 1921.)

Copyrights ⬳53—Infringement by copying advertising circular.

 The copying by defendant from a trade paper, with its consent, and publishing in an advertising pamphlet, of a list giving sizes and description of piston rings used in different motorcars, which list was copied by the paper without consent from a copyrighted pamphlet prepared for advertising purposes by complainant, a business competitor of defendant, *held* an infringement of the copyright, though defendant did not know that the list it used was copied from complainants'.

In Equity. Suit by William K. Norris and others, trustees of the McQuay Norris Manufacturing Company, against No-Leak-O Piston Ring Company. Decree for plaintiffs.

Bartlett, Poe & Claggett, of Baltimore, Md., and Judson, Green & Henry, of St. Louis, Mo., for plaintiffs.

John E. Cross, of Baltimore, Md., for defendant.

ROSE, District Judge. The plaintiff and the defendant each make and sell piston rings. The plaintiff says the defendant has infringed its copyright on an advertising pamphlet, which gives the sizes and other details of piston rings found in each model of every motor maker whose machines are used in this country.

Since 1913 the plaintiff has annually gone to considerable trouble and expense to collect and compile the needed information, and has copyrighted its successive yearly issues. It is the 1919 edition which the defendant is said to have infringed. The plaintiff spent on it somewhere between $6,000 and $7,000. It is extensively distributed among automobile repair shops, garages, dealers in cars, and to some extent among the owners of them. It is a good advertisement, because any one called on to repair an automobile has need of the information it contains. The plaintiff has always been vigilant and successful in protecting its rights against infringers. It has brought several suits,

and has won all of them—sometimes because its opponents surrendered, and sometimes because the court, after hearing, so decreed.

In order that the plaintiff might more readily detect infringers, it has, for years past, introduced into each of its annual lists some nonexisting models of machines. There were 12 of these in the edition of 1919. In December of that year, the Motor World, a trade publication, published a catalogue of piston ring dimensions. This catalogue is a reproduction of plaintiff's, except that the Motor World's list omitted models of years prior to 1916, and it separated passenger cars from trucks. There is no question as to where the Motor World got its list, for it reproduced 10 of plaintiff's 12 fictitious models. Indeed, this infringement was admitted by the Motor World itself in some letters written by it in reply to plaintiff's complaint. These letters were produced by the plaintiff, upon defendant's demand. The defendant asked and received from the Motor World permission to use this list. It recombined the passenger cars and trucks, so as to give its list the same general character as that of plaintiff's, and as the result of its own investigation, supplemented the plaintiff's information with the dimensions of piston rings required for some 1920 models, not, of course, included in plaintiff's 1919 edition. Defendant had, at a cost of some $3,000, 50,000 to 55,000 of these lists printed. Prior to the institution of this suit, it had distributed 10,000 of them.

There is no doubt as to the infringement. The defendant did not know that it was copying plaintiff's copyrighted book, but that fact does not relieve it from answering to the plaintiff for the damage thereby caused. The distribution by the defendant to the trade of 10,000 or more of the infringing pamphlets must have cost the plaintiff a good deal, and many an order for piston rings, which would otherwise have gone to plaintiff, may well have been diverted to the defendant. The defendant's business is large. Its net profit in 1920 was $60,000. Presumably its gross sales were several times this figure.

On the whole, it seems to me that an award of $3,000 for the damage done plaintiff would be just. The plaintiff is a St. Louis corporation. The defendant has its headquarters in Baltimore. The case had to be carefully prepared, and was tried through more than an average court day. I think a counsel fee of $750 would be reasonable.