## WARREN v. WHITE & WYCKOFF MFG. CO.

District Court, S. D. New York.

Feb. 11, 1930.

Goldmark, Bennitt & Colin, of New York City (Chandler Bennitt, of New York City, of counsel), for plaintiff.

George Ramsey, of New York City (George Ramsey and Charles F. Chisholm, both of New York City, of counsel), for defendant.

HUTCHESON, District Judge.

This is an action by Frederick B. Warren, author and copyright owner of the book "The Pageant of Civilization," against White & Wyckoff Manufacturing Company for an injunction and statutory damages and an accounting for profits for its violations of his copyright, through the production, sale, and distribution of the defendant's art calendar for 1928 entitled "Message Carriers Of All Ages."

Plaintiff's book is a bound volume of four hundred and seventy one pages, sells for $6, and treats in an historico-romantic style incidents displayed on postage stamps of different historical periods. Defendant's calendar comprises twelve monthly calendars, each on a separate sheet, and each accompanied by an artistic picture illustrating some historic mode of message carrying. This calendar in this general form, but treating different subject-matters, has been put out for many years; its prime purpose being to advertise the White & Wyckoff stationery.

The calendar is usually distributed in the form of a gift with each package of stationery; when sold separately, it brings 25 cents. The total material in the calendar, if in book form, would make about thirty pages.

The proof established that there had been taken from plaintiff's book verbatim something like three or four hundred words, these appearing in the July and March calendars, while it is quite probable that an incident in the February calendar, covering a few lines, was also taken from plaintiff's book.

It is plaintiff's contention that, in addition to the verbatim plagiarisms exhibited in the two sheets and the less exact use of material in the February sheet, the whole inspiration, form, and subject-matter of the calendar were derived from the book, and that Sampson, the energetic compiler of the White & Wyckoff calendar, had, by the use of "apt appropriation's artful aid," derived his calendar from plaintiff's book.

Defendant on the trial admitted the downright copying as above, but made proof that when the matter was called to its attention it endeavored by deletion, pasting over, and finally by withdrawal from the market of the unused calendars, to make amends. It asserts that the copied parts were the sum and substance of its offending, and that neither the inspiration for, the spirit and form of, nor the general subject-matter of the calendar was obtained from plaintiff's book.

It declares that the continuous sequence method, through the twelve months of the year, of the treatment of a general subject was the long-established practice of defendant, and that the particular subject-matter and general mode of treatment of it had been decided upon by the defendant for the year in question before plaintiff's book had come to its knowledge.

It also declares that all of the matter in the calendar, except that directly copied from plaintiff's book, was obtained from consultation of hundreds of sources, and that particularly for the general spirit and style of treatment it was indebted to correspondence with Floyd Montgomery, Chief of Information Service of the United States Post Office Department.

In addition to this position, defendant opposes to plaintiff's claim the fact that all

of the matter copied by defendant had appeared in certain numbers of the St. Nicholas, published and copyrighted by the Century Company, before plaintiff's book appeared, and that, since plaintiff did not own the copyright on these numbers, he cannot have copyright protection upon so much of the material of his book as had appeared in them.

Sampson, the compiler of defendant's calendar, admitted that the material taken by him from the plaintiff's book was appropriated, not from the magazine, but from the book, and I agree with plaintiff that he had a valid copyright on his book, and is entitled to be protected against defendant's appropriation from it.

■ Upon the merits of the case, however, I think plaintiff makes no case against defendant, except as to that part of the material which has been bodily lifted from plaintiff's book, for I think it entirely plain that the calendar in inspiration, style, and subject-matter derives, not from plaintiff's book, but from information furnished by Floyd Montgomery.

No one can read the White & Wyckoff file collected during the making of the calendar and not see the trail of Montgomery over it all, and that, if Sampson did do as much reading as he claims he did in books and magazines, this was all done to carry out the ideas and fill in the outlines suggested to him by Montgomery.

In short, after reading the record, I think, as I thought on the trial, that the defendant's work is a mere compilation; that Sampson, the reputed author of the calendar, is a compiler, an assiduous and energetic compiler, with a taste for good material and an aptitude for appropriating it.

I think it perfectly plain, however, that, not plaintiff's book, but Montgomery and his correspondence, directed his thinking and his course, and that plaintiff's book was to him only a source for certain specific appropriations, as were numbers of other books and magazines sources.

■ I think it also entirely plain that the publication of defendant's calendar did not in any manner affect the sale of plaintiff's book, has not caused plaintiff any actual damage, and by its very nature could not cause him any, because the two publications could not reasonably be said to be competitive, and, were it not for the fact of the deliberate, unacknowledged, appropriation of material from plaintiff's book, I should be in-

clined to treat the whole matter as a tempest in a teapot, and, while finding for plaintiff for the minimum statutory damages, let him have his trouble for his pains.

Sampson did, however, deliberately copy from plaintiff's book a small part of it, it is true, but yet a copying, of incidents interesting in themselves, and contributing to the interest of his calendar, without even the gesture of "by your leave" implied in quotation marks and an acknowledgment of the source.

As a result of this unaccountable and inexcusable copying, plaintiff has found it necessary to institute this suit to bring the defendant to book, and it seems to me that, the defendant having led the plaintiff a dance over the matter, it, and not the plaintiff, ought to be made to pay the fiddlers and the scot.

Notwithstanding then, that the amount of copying is comparatively small, and that plaintiff has made no proof of actual damage, I am of the opinion that a proper award under the circumstances would be statutory damages of $1,000, together with all costs, and $1,000 as attorney's fees.