HENRY HOLT & CO., Inc., to Use of FEL-
DERMAN, v. LIGGETT & MYERS
TOBACCO CO.

No. 9613.

District Court, E. D. Pennsylvania.
April 22, 1938.

J. Myron Honigman, of Philadelphia, Pa., for plaintiff.

Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., and Isaac W. Digges, of New York City, for defendant.

MARIS, District Judge.

The bill of complaint which was filed in this case by Henry Holt & Co., Inc., to the use of Dr. Leon Felderman v. Liggett & Myers Tobacco Co., charged infringement of a copyright by the copying of extracts from a book published and copyrighted by Henry Holt & Co. in 1931. The book, "The Human Voice, its Care and Development," was written by the use-plaintiff, Dr. Leon Felderman, and the copyright thereon was taken out by Henry Holt & Co. for his benefit. The book is of a scientific character, and its purpose is stated in its preface to be to convey to vocal teachers and pupils a working knowledge of the human voice mechanism.

After the publication of Dr. Felderman's book, the defendant published and widely circulated among the members of the public a pamphlet entitled "Some facts about Cigarettes," in which, under the heading "Do cigarettes affect the throat?" appeared the following:

"Dr. Leon Felderman, noted oto-laryngologist, Philadelphia, is quoted (1931) as follows:

" 'Statistics have it that 80 per cent of physicians are smokers * * * It appears unanimous that smoking is not nearly so injurious as over-eating * * * From my experience with ear, nose and throat cases, I firmly believe that tobacco, when properly used, has no ill effect upon the auditory passages.' "

These quotations were copied, although not exactly, from matter appearing on pages 240 and 242 of Dr. Felderman's book.

The plaintiffs aver that the use of Dr. Felderman's work in advertising matter of this nature has cast reflections upon his professional ethics and has brought down upon him the term "commercialist," all of which has contributed to negative and deter the sale of his book. They further aver that the defendant has realized large profits and advantages from the infringement, and is prepared to continue the acts complained of, unless restrained. They accordingly seek an injunction restraining the defendant from infringing the copyright and pray for the destruction of the infringing copies and plates and for an accounting of profits and damages.

The defendant has moved to dismiss the bill. In support of the motion it is urged that the copied matter is negligible in quantity, that its literary or scientific content is insignificant, and that the copying does not exceed a fair use of a scientific treatise; due acknowledgment having been made to the author.

In order to constitute an infringement of the copyright of a book it is not necessary that the whole or even a large portion of the book shall have been copied. It is sufficient if a material and substantial part shall have been copied, even though it be but a small part of the whole. Lawrence v. Dana, 15 Fed.Cas. pp. 26, 60, No. 8,136, 4 Cliff. 1; Campbell v. Scott, 11 Sim. 31, 11 L.J.Ch. 166, 6 Jur. 186, 59 Eng.Reprint 784; Trade Auxiliary Co. v. Middlesborough & District Tradesmen's Protection Assn., 40 Ch.Div. 425, 58 L.J.Ch. 293, 66 L.T. 681, 37 W.R. 337, 5 T.L.R. 254, C.A.; Leslie v. Young & Sons, [1894] A.C. 335, 6 R. 211, H.L.; Cooper v. Stephens, [1895] 1 Ch. 567; West Pub. Co. v. Lawyers' Co-op. Pub. Co., 2 Cir., 79 F. 756, 35 L.R.A. 400; DaPrato Statuary Co. v. Giuliani Statuary Co., C.C., 189 F. 90. "If so much is taken, that the value of the original is sensibly diminished; or the labors of the original author are substantially to an injurious extent appropriated by another, that

is sufficient, in point of law, to constitute a piracy pro tanto." Folsom v. Marsh, 9 Fed. Cas. pp. 343, 348, No. 4,901, 2 Story 100. The reproduction need not be literal and exact; it is a piracy if it appears that the copyrighted work has been copied, although altered or paraphrased. Lawrence v. Dana, supra; West Pub. Co. v. Edward Thompson Co., 2 Cir., 176 F. 833; West v. Francis, 5 B. & Ald. 737, 1 Dow. & Ry. K. B. 400, 106 Eng.Reprint 1361.

■ Here it appears that three sentences have been taken from Dr. Felderman's book and quoted, although not exactly, in the defendant's pamphlet. While these constitute but a small part of his book, they undoubtedly represent those portions of his work which are pertinent to the subject of the defendant's pamphlet. Furthermore, an examination of the latter shows that the material taken from Dr. Felderman's book makes up about one-twentieth of the pamphlet. Under these circumstances we cannot say that the matter copied by the defendant from Dr. Felderman's book is so unsubstantial as to be de minimis. Kelly v. Hooper, 4 Jur. 21. It follows that the bill sets up a case of copyright infringement.

■ The fact that the defendant acknowledged the source from which this matter was taken does not excuse the infringement. While the acknowledgment indicates that it did not intend unfair competition it does not relieve the defendant from legal liability for the infringement. Pike v. Nicholas, 5 Ch.App. 251, 39 L.J.Ch. 435, 18 W.R. 321, L.C.; Walter v. Steinkopff, [1892] 3 Ch. 489, 61 L.J.Ch. 521, 67 L.T. 184, 40 W.R. 599, 8 T.L.R. 633, 36 Sol.Jo. 556; Scott v. Stanford, L.R. 3 Eq. 718, 36 L.J.Ch. 729, 16 L.T. 51, 15 W.R. 757; Bohn v. Bogue, 7 L.T.O.S. 277, 10 Jur. 420.

■■ Nor do we think that the infringement complained of is excused upon the ground that the defendant was making no more than a fair use of Dr. Felderman's work. It is true that the law permits those working in a field of science or art to make use of ideas, opinions, or theories, and in certain cases even the exact words contained in a copyrighted book in that field. Sampson & Murdock Co. v. Seaver-Radford Co., 1 Cir., 140 F. 539. This is permitted in order, in the language of Lord Mansfield in Sayre v. Moore, 1 East. 361, 102 Eng.Reprint 139, "that the world may not be deprived of improvements, nor the progress of the arts be retarded." In such cases the law implies the consent of the copyright owner to a fair use of his publication for the advancement of the science or art.

This principle, however, does not excuse the defendant's infringement in this case. Its publication was not one in the field in which Dr. Felderman wrote, nor was it a scientific treatise or a work designed to advance human knowledge. On the contrary, it is clear that its pamphlet intended to advance the sale of its product—Chesterfield cigarettes—a purely commercial purpose. It cannot be implied that Dr. Felderman consented to the use of his work for such a purpose. The bill alleges that the publication of defendant's pamphlet has caused Dr. Felderman actual damage by making it appear that he has commercialized his scientific work, and this has retarded the sale of his book. We think that this bill discloses an appropriation by the defendant of the result of the labors of Dr. Felderman which constitutes an infringement of his copyrighted work.

■ The defendant also urges in support of its motion that the facts stated in the bill do not constitute ground for equitable relief, and it argues that irreparable injury is not averred. We think, however, that it overlooks the fact that section 25 of the Copyright Act, 17 U.S.C. § 25, 17 U.S. C.A. § 25, expressly provides that any person infringing the copyright in any work protected under the act shall be liable to an injunction restraining such infringement. Proof of actual damage to the plaintiff is not necessary for the issuance of such an injunction if infringement appears and damage may probably follow. Reed v. Holliday, C.C., 19 F. 325; Macmillan Co. v. King, D.C., 223 F. 862. As we have seen, the averments of the present bill sufficiently set forth infringement and probable damage. It follows that the plaintiff is entitled to injunctive relief.

■ Finally, the defendant urges that the action is improperly brought in the name of Henry Holt & Co., Inc., to the use of Dr. Leon Felderman. We think that this point is well taken. There is no such thing as "suing to the use" in equity. Seibert v. Seibert, 1 Brewst., Pa., 531. Here, Dr. Felderman, as author of the book for whose benefit Henry Holt & Co. acquired copyright, is entitled to maintain the suit in equity in his own name. Bisel v. Ladner, 3 Cir., 1 F.2d 436. The improper joinder of Henry Holt & Co., Inc., as plaintiff is, however, amendable, and the plaintiffs will accordingly have leave to amend the bill

by eliminating Henry Holt & Co., Inc., as a party plaintiff.

■ Counsel for the plaintiffs also requests leave to amend the bill so as to introduce a cause of action arising out of the alleged violation of Dr. Felderman's right of privacy by the defendant's publication. Without passing upon the question whether such a right exists, we cannot refrain from indicating our difficulty in understanding how the copying of a book which Dr. Felderman has published to the public could be held to be an invasion of his privacy. Such a right, however, if it exists, involves an entirely new and essentially different cause of action based upon an entirely different ground of jurisdiction in this court. This may not be introduced into the present copyright action under the guise of an amendment.

The motion to dismiss the bill is refused, upon condition that the bill is amended within ten days by eliminating Henry Holt & Co., Inc., as a party plaintiff.