## CHAPPELL & CO., Inc., et al. v. COSTA et al.

District Court, S. D. New York.
April 15, 1942.

————◆————

Sidney Wm. Wattenberg, of New York City, for plaintiff.

Caesar B. F. Barra, by Ralph J. Barra, both of New York City, for defendants.

BONDY, District Judge.

The eleventh cause of action has been brought to recover statutory damages. It is alleged therein that plaintiff Santly-Joy-Select, Inc., is the owner of the copyright of a musical composition and that defendants, without authority or permission from plaintiff and with knowledge of plaintiff's rights, printed and sold the words of the copyrighted composition. Defendants in their answer and opposing affidavits admit plaintiff's ownership and the validity of the copyright and that they "printed for hire" without authority or permission from plaintiff the words of the composition. Defendants, however, deny that they had knowledge of plaintiff's copyright when as printers they printed the words of the copyrighted composition and deny that they sold the printed matter. They maintain that plaintiff should not be awarded statutory damages for their "mere printing of the song in question without knowledge of the copyright thereof, * * * that the answer interposed herein raises a question of fact with regard thereto," and that plaintiff's motion for summary judgment must, therefore, be denied.

As plaintiff contends, to constitute infringement "intention to infringe is

not essential under the Act." 17 U.S.C.A. § 1 et seq. See Buck v. Jewell-La Salle Realty Co., 283 U.S. 191, 198, 51 S.Ct. 410, 75 L.Ed. 971, 76 A.L.R. 1266; Sheldon v. Metro-Goldwyn Pictures Corp., 2 Cir., 81 F.2d 49, 54. Under this rule, liability is imposed on those who, with knowledge of plaintiff's copyright, commit acts which they believe do not constitute infringements of plaintiff's copyright. See, e.g., Johns & Johns Printing Co. v. Paull-Pioneer Music Corp., 8 Cir., 102 F.2d 282, 283.

None of the parties, however, has presented any authority as to whether or not those who copy copyrighted matter without actual knowledge of plaintiff's copyright subject themselves to any liability whatsoever.

■ It has been stated repeatedly that after notice of copyright has been published everyone is under the duty to learn the facts concerning the copyright, and copies at his peril (see Haas v. Leo Feist, Inc., D.C., 234 F. 105, 107; Stern v. Jerome H. Remick & Co., C.C., 175 F. 282, 283; Sammons v. Larkin, D.C., 38 F.Supp. 649, 653), and that the question of defendant's knowledge of plaintiff's copyright does not enter into consideration upon the issue of infringement. See Altman v. New Haven Union Co., D.C., 254 F. 113, 119; Morrison v. Pettibone, C.C., 87 F. 330, 332. It appears that in England ignorance of plaintiff's copyright is not an excuse for its infringement and that it is only by reason of the express provision of the English Copyright Act that plaintiff's remedy is limited in such a case to an injunction. See Copinger, Law of Copyright, 7th Ed.1936, pp. 110, 160; 7 Halsbury's Laws of England, 2nd Ed.1932, p. 587.

The Circuit Court of Appeals for the Third Circuit, in Edison v. Lubin, 122 F. 240, 241, appeal dismissed, 195 U.S. 625, 25 S.Ct. 790, 49 L.Ed. 349, without discussing the point issued an injunction against the defendant even though the notice of copyright "was detached by some unknown person, and [the copy] came into the hands of respondent, without knowledge on his part of its having been copyrighted."

In Falk v. Gast Lithograph & Engraving Co., 54 F. 890, 893, the defendant contended that the photograph copied by it did not contain the notice of copyright. The Circuit Court of Appeals for the Second Circuit rejected this defense and affirmed a decree for plaintiff granting an injunction and an accounting of profits. It stated that, "if the proper statutory notice of copyright was upon each copy as it left the control and ownership of the proprietor of the copyright, he cannot be responsible for any changes which were afterwards improvidently made upon a particular copy before it came into the hands of the last purchaser."

In Millett v. Snowden, Fed.Cas. No. 9,600, the "defendant proved that the music had been copied from a Boston paper by the young man having charge of that department * * * and that neither said young man nor Mr. Snowden knew of its being copyrighted." The court charged, however, that if defendant published without permission, whether defendant "knew it was copyrighted or not, he is liable to the penalty", and a verdict was subsequently awarded to the plaintiff.

In Altman v. New Haven Union Co., D. C., 254 F. 113, 116, the defendant pleaded as a defense that it printed the picture "without knowledge that the original photograph was copyrighted" or "that the picture then in its possession and printed in its newspaper was even a copy of a copyrighted photograph." The court declared "it has been repeatedly held that ignorance of a copyright * * * affords no defense to an action for infringement", and awarded damages to plaintiff.

It was held in Norris v. No-Leak-O Piston Ring Co., D.C., 271 F. 536, 537, affirmed by the Circuit Court of Appeals for the Fourth Circuit, 277 F. 951, that the fact that "defendant did not know that it was copying plaintiff's copyrighted book" did "not relieve it from answering to the plaintiff for the damage thereby caused."

The Circuit Court of Appeals for the Seventh Circuit, in American Press Ass'n v. Daily Story Pub. Co., 120 F. 766, 66 L. R.A. 444, appeal dismissed 193 U.S. 675, 24 S.Ct. 852, 48 L.Ed. 842, held that the party that copied was liable for damages despite its lack of knowledge of the copyright. The story had been copied from a publication of a licensee who was authorized to print the story on condition the copyright notice be also printed, but who had inadvertently omitted the notice of copyright.

The Supreme Court of the United States did not discuss the point in Douglas v. Cunningham, 294 U.S. 207, 208, 55 S.Ct. 365, 79 L.Ed. 862, but held that damages were recoverable against a defendant who wrote

a story which was a clear appropriation of plaintiff's story. The defendant secured the story from an acquaintance, believed the facts were actual events, and had no knowledge of plaintiff's story.

The Circuit Court of Appeals for the Second Circuit, in Barry v. Hughes, 103 F. 2d 427, certiorari denied 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505, however, referred to the result of the American Press case, supra, as harsh and declared that "laying aside a possible action for unjust enrichment, or for an injunction after discovery, we should hesitate a long while before holding that the use of material, apparently in the public demesne, subjected the user to damages, unless something put him actually on notice." The court clearly stated that it was not deciding the point but was leaving it for decision when it arises.

 In view of the fact that the Circuit Court of Appeals for this Circuit has not squarely ruled on the question, the Court feels bound by the authorities, which do not limit the rights of plaintiff to an injunction or an accounting of profits but allow the recovery of damages. The court accordingly concludes that lack of knowledge of plaintiff's copyright, if proven, would not be a defense and that defendants' denial of knowledge of plaintiff's copyright does not raise an issue of fact material to the determination of the question of defendants' liability for damages.

 The copying or printing of something which has been lawfully copyrighted has been judicially defined as an infringement of the copyright without any requirement that there be a sale or that profits be made from sale of the copies. See Oxford Book Co. v. College Entrance Book Co., 2 Cir., 98 F.2d 688, 692; Dymow v. Bolton, 2 Cir., 11 F.2d 690, 691; American Code Co. v. Bensinger, 2 Cir., 282 F. 829, 834; Jeweler's Circular Pub. Co. v. Keystone Pub. Co., 2 Cir., 281 F. 83, 94, certiorari denied 259 U.S. 581, 42 S.Ct. 464, 66 L.Ed. 1074. Plaintiff does not demand any profits that defendants may have made from the infringement, but only statutory damages in the sum of $250. Consequently, plaintiff is not required to prove that defendants sold the infringing copies or that they shared in any profits derived from any sales. Defendants' denials concerning these facts accordingly do not raise an issue of fact material to the determination of de-

fendants' liability. See Gross v. Van Dyk Gravure Co., 2 Cir., 230 F. 412, 414.

Plaintiff's motion for summary judgment therefore is granted.