**TOKSVIG v. BRUCE PUB. CO. et al.**
**No. 9969.**

United States Court of Appeals
Seventh Circuit.

May 5, 1950.

Charles F. Millmann, E. H. Hallows, Martin A. McLaughlin, Milwaukee, Wis., for appellant.

Ben L. Chernov, Hess and Chernov, Milwaukee, Wis., for appellee. Greenbaum, Wolff & Ernst, New York City, of counsel.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

KERNER, Circuit Judge.

This is a suit for damages and to enjoin infringement of plaintiff's copyright in her biography, "The Life of Hans Christian Andersen." The action was brought under the Copyright Act of 1909, 17 U.S.

C.A. § 1 et seq. The trial judge made detailed findings of fact and awarded judgment to plaintiff and against defendants Bruce Publishing Company and Margaret Ann Hubbard, and enjoined defendants from publishing the infringing book, "Flight of the Swan," as long as it contained the language which infringed upon plaintiff's copyrighted book.

Plaintiff's book was copyrighted February 15, 1934. Hubbard's book is a novel based on the life of Hans Christian Andersen. It was published by Bruce Publishing Company in December, 1946. The research by plaintiff in connection with her book took three years and was done exclusively from Danish sources including the original works and letters of Andersen and conversations with persons having knowledge of matters and incidents pertaining to the life of Andersen. Hubbard does not speak or read Danish. Her work or research was confined to English sources and consumed not more than eleven months or a year, in the course of which she read and made use of plaintiff's book.

■ Judge Duffy found that certain passages contained in Hubbard's "Flight of the Swan" constituted an infringement of plaintiff's copyright. It would serve no useful purpose to set forth the evidence upon which the findings are based. It will be enough to say that the record discloses infringement as to certain general concepts of Andersen and his life and friends as set forth for the first time in plaintiff's book, and in the copying of 24 specific passages of plaintiff's book. There was substantial evidence to support the findings.

Defendants make the point that the material used by Hubbard was not subject to copyright by plaintiff because it had become part of the public domain. The argument is that plaintiff's book is but an English biography of Andersen, and the facts in his life were in the public domain; that Hubbard took from plaintiff's book only that which appeared in quotations, which she believed were in the public domain; that there is nothing in plaintiff's book to indicate that items appearing in quotations were original translations made by plaintiff from Danish sources, and that

Hubbard assumed the quotations were taken from Andersen. They further contend that she gave an acknowledgement, and that there was no intent on the part of defendants to infringe. We think these points are not well taken.

■ To be sure, that which is in the public domain cannot be copyrighted, 17 U.S.C.A. § 7, yet under the provisions of § 6, translations or other versions of works in the public domain are regarded as new works subject to copyright, and there is no requirement in the Copyright Act that there be some special notice where a copyrighted work consists in part of translation of words spoken or written by any person. And even if defendants assumed that the passages appearing between quotation marks were not original translations from Danish sources, that fact would not aid defendants to avoid liability. Intention is immaterial if infringement appears. Buck v. Jewell-LaSalle Realty Co., 283 U.S. 191, 198, 51 S.Ct. 410, 75 L.Ed. 971, 76 A.L.R. 1266; American Press Ass'n v. Daily Story Pub. Co., 7 Cir., 120 F. 766, 769; Chappell & Co. v. Costa, D.C., 45 F.Supp. 554, 555; and 34 Am.Jur. 447. Nor does the fact that defendants acknowledged the source from which the passages were taken excuse infringement, Henry Holt & Co. to use of Felderman v. Liggett & Myers Tobacco Co., D.C., 23 F.Supp. 302, and since Judge Duffy found upon substantial evidence that plaintiff was the author of the specific passages, we are not at liberty to reverse the finding.

Defendants' next point is that the use made by Hubbard of plaintiff's book was a fair use and not an infringement.

■ Fair use has been defined as a privilege in others than the owner of a copyright to use the copyrighted material in a reasonable manner without his consent, notwithstanding the monopoly granted to the owner of the copyright. Ball, Law of Copyright and Literary Property, 260. Of course, what is fair use depends upon many circumstances. It has generally been construed that an infringement consists in copying some substantial or material part of a work. Perris v.

Hexamer, 99 U.S. 674, 25 L.Ed. 308; Eggers v. Sun Sales Corp., 2 Cir., 263 F. 373; Kustoff v. Chaplin, 9 Cir., 120 F.2d 551; and Heim v. Universal Pictures Co., 2 Cir., 154 F.2d 480, 487.

As we understand defendants' contention, it is that Hubbard could have secured the same information from other works, and that after all, as to the passages copied by Hubbard, plaintiff had nothing unique, and they argue that there was no labor saved by Hubbard in taking the quotations from plaintiff; that there was no competition between the two books, and the material taken did not prejudice that sale of plaintiff's book.

 Ball, in his work on the Law of Copyright, 335, states that "The question of infringement of copyright is not one of quantity but of quality and value." And, at page 357, it "depends more upon the value of the extracts than upon their length." In order to constitute an infringement of the copyright of a book it is not necessary that the whole or even a large portion of the book shall have been copied. It is sufficient if a material and substantial part shall have been copied, even though it be but a small part of the whole, Henry Holt & Co. to use of Felderman v. Liggett & Myers Tobacco Co., supra, 23 F.Supp. 303; West Publishing Co. v. Lawyers' Co-operative Publishing Co., 2 Cir., 79 F. 756; and Ansehl v. Puritan Pharmaceutical Co., 8 Cir., 61 F.2d 131. And if plaintiff has established that the passages in question were original with her, then their appropriation constituted infringement, Hoffman v. Le Traunik, 2 Cir., 209 F. 375, 379. The question is not whether Hubbard could have obtained the same information by going to the same sources, but rather did she go to the same sources and do her own independent research? In other words, the test is whether the one charged with the infringement has made an independent production, or made a substantial and unfair use of the complainant's work. Nutt v. National Institute, Inc., 2 Cir., 31 F.2d 236, 237.

 From this record it is clear that Hubbard obtained much value from the use in her work of many of the original concepts and ideas of plaintiff as to Andersen and his relationship with other persons as expressed in plaintiff's book, and since Hubbard could not read Danish, the use of the specific passages enabled her to finish her book in less than one-third the time that it took plaintiff. In this situation we cannot hold that the use made by Hubbard of plaintiff's book was a fair use and not an infringement.

 Finally, defendants contend that the trial judge was not justified in awarding damages or attorney's fees. Defendants' position is that plaintiff's book was not a success and had been out of print for a long time, that there was no evidence that defendants had gained anything because Hubbard had used the infringing material, and that plaintiff had suffered no actual damage. Even so, § 25 (b) of the Copyright Act contemplates that where actual damages may be difficult to establish or where the copyright proprietor has made no proof of actual damage, the trial judge may allow in his discretion such statutory damages in the minimum amount of $250 and not to exceed $5,000.

 In discussing this section of the statute, the Supreme Court, in Douglas v. Cunningham, 294 U.S. 207, 209, 55 S.Ct. 365, 366, 79 L.Ed. 862, said: "The phraseology of the section was adopted to avoid the strictness of construction incident to a law imposing penalties, and to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits. In this respect the old law was unsatisfactory. In many cases plaintiffs, though proving infringement, were able to recover only nominal damages, in spite of the fact that preparation and trial of the case imposed substantial expense and inconvenience. The ineffectiveness of the remedy encouraged willful and deliberate infringement." See also Campbell v. Wireback, 4 Cir., 269 F. 372; Warren v. White & Wyckoff Mfg. Co., 2 Cir., 39 F.2d 922; and Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 7 Cir., 131 F.2d

809. In our case the damages were fixed at $1,000 and the attorneys' fees at $500. The evidence disclosed that Hubbard had received $3,000 in connection with the sale of her book, and that Bruce sold 14,262 copies of the book at a net profit of 5¢ to 10¢ per book. Under § 40 of the Copyright Act the allowance of an attorney's fee rests in the discretion of the court. For cases in which attorneys' fees were allowed, see Marks v. Leo Feist, 8 Cir., 8 F.2d 460; Lewys v. O'Neill, 2 Cir., 49 F.2d 603; and General Drafting Co. v. Andrews, 2 Cir., 37 F.2d 54.

We cannot say that the trial judge abused his discretion in awarding damages and in allowing the attorney's fee. It follows that we must affirm the judgment. It is so ordered.