Helen HOLDREDGE, Plaintiff,

v.

KNIGHT PUBLISHING CORPORATION et al., Defendants.

No. 840-60-K.

United States District Court
S. D. California,
Central Division.

Feb. 27, 1963.

Pasarow & Spiegel, Harry J. Englebright and Irwin O. Spiegel, Beverly Hills, Cal., for plaintiff.

Brock & Fleishman, Hollywood, Cal., for defendants.

JAMES M. CARTER, District Judge.

The plaintiff brought this action to recover damages under the Copyright Act, 17 U.S.C. § 1 et seq., for the infringement of her copyrights in two books, "Mammy Pleasant" and "Mammy Pleasant's Partner", of which she is the author.

The defendants are Knight Publishing Corporation, publisher of the magazine "Adam" in which the alleged infringing article appeared; Sam Merwin (Merwin), the author of said article; and Bentley Morriss (Morriss), an officer of Publishers' Service, Inc., a corporation which supplied Knight Publishing Co. with literary and photographic materials.

The plaintiff is a biographer. The introduction to both "Mammy Pleasant" and "Mammy Pleasant's Partner" show the extent of her research and the sources available to her. Both books contain a bibliography. In addition, in her testimony she stated she was writing of historical figures and was trying to present the actual facts of the lives of her characters.

The defendant Merwin wrote an article on the same subject which appeared in the magazine "Adam", entitled "Mammy Pleasant". The plaintiff, claiming that Merwin had plagiarized her books, brought this action.

The cases are clear on the proposition that when an alleged infringer has done his own independent research, and based his own work on that research,

there can be no infringement of another's work regardless of the degree of similarity between the two publications. Eisenschiml v. Fawcett Publications, (7 Cir., 1957) 246 F.2d 598; Toksvig v. Bruce Publ'g. Co., (7 Cir., 1950) 181 F. 2d 664; Greenbie v. Noble, (S.D.N.Y. 1957) 151 F.Supp. 45. The "test is whether the one charged with the infringement has made an independent production, or made a substantial and unfair use of the complainant's work", Toksvig v. Bruce Publ'g. Co., supra, 181 F.2d at page 667. "The fact that two works relate to the same subject matter or are similar to one another does not constitute an infringement if each is the fruit of the author's independent intellectual effort". Greenbie v. Noble, supra, 151 F. Supp. at page 65.

Merwin testified that "Mammy Pleasant's Partner" was the source for much of the "Adam" article and made no pretense that he had done any original research on the subject of Mammy Pleasant, other than to skim through two other books, not authored by the plaintiff. It is apparent that, whether or not original sources for Merwin's work were available to him, he did not avail himself of them. Merwin testified that he had spent three whole days on his research and a fourth to write the article; this alone is sufficient to negate the possibility of any real independent effort, particularly when compared with the eight or nine years that plaintiff testified she had spent on her Mammy Pleasant Books.

▮▮▮▮ Though the facts concerning the actual life of an historic character are in the public domain and are not entitled to copyright protection, I. N. S. v. Assoc. Press (1918), 248 U.S. 215, 234, 39 S.Ct. 68, 63 L.Ed. 211, a copyright holder nevertheless has the exclusive right to exploit the form of his expression. The association, arrangement and combination of ideas and thoughts and their form of expression may entitle a particular literary composition to protection. Eisenschiml v. Fawcett Publications, supra; Greenbie v. Noble, supra.

The only examples of exact word-for-word copying by Merwin are found in several conversations which are reported in both plaintiff's and defendant's works, two examples of which follow.

Note books in which the plaintiff recorded various interviews conducted during her research were received in evidence. Assuming that the materials she obtained and recorded were historical facts, she nevertheless had the right to make her own treatment of the material.

In Interview Book No. 1, page 167 she recites that a Negro butler was called as a witness and said he could not testify. "Why not"?, said the attorney handling the case, "I'm colored", said the butler. "The testimony of a colored man is not allowed by the law". Plaintiff's treatment of this material concerning the butler is as follows:

The butler states, "I'm a colored man and the testimony of a colored person is not acceptible in a court of law in California I understand".

The identical words were used in defendant's article.

In Interview Book No. 1, there is recorded an interview with James Alexander Forbes, III, and the following appears:

"Belle told Mammy about the problem and asked her what she would do if she owned the mine. 'Do' answered Mary Ellen, 'I'd leave them nothing but footprints in the dust' ".

Plaintiff's treatment of this material was as follows:

"Do", asked Mary Ellen, "why I'd up and take it away from them, thats what I'd do, t'was me. I'd leave them nothing but some footprints in the dust".

Defendant's article states:

"What would I do in your position?" she countered, "I'd leave them nothing but footprints in the dust".

In Interview Book No. 1, page 160–161, Mammy was quoted as stating: "Imagine me running into a situation like that.

924

They are advertising for a housekeeper and its a bad house".

Plaintiff's treatment of this material was as follows:

"Imagine", she said, "they were advertising for a housekeeper".

Defendant's article states: "Imagine, they advertised for a housekeeper".

■ These and several other instances of almost identical phrasing are, alone, probably not enough to support a claim of infringement. However, to constitute an infringement of copyright, the infringing composition need not be identical with the infringed; paraphrasing is an infringement. Warner Bros. Pictures v. C. B. S., (9 Cir., 1954) 216 F.2d 945; Ansehl v. Puritan Pharm. Co., (8 Cir., 1932) 61 F.2d 131, cert. den. 287 U.S. 666, 53 S.Ct. 224, 77 L.Ed. 574; Borden v. General Motors Corp., (S.D. N.Y.1939) 28 F.Supp. 330.

Merwin's article was in large part a paraphrase of portions of the plaintiff's book, "Mammy Pleasant's Partner". Merwin extracted therefrom numerous passages which, though synonyms for certain words are substituted and certain phrases rearranged, are otherwise unchanged in form.

■ In the ordinary case, applying the principles set out above, copyright infringement would be apparent. However, the concept of "fair use" has been established and applied in cases involving scientific, medical and historical materials. If Merwin's use of the plaintiff's book (which the plaintiff claimed to be a serious, historically sound work) was a "fair use", then there has been no actionable infringement.

"Fair use" may be defined as a privilege in others than the owner of a copyright to use the copyrighted material in a reasonable manner without his consent. Though technically an infringement of copyright, it is allowed by law on the ground that the appropriation is reasonable and customary. Toksvig v. Bruce Publ'g. Co., supra; Loew's Inc. v. C. B. S., (S.D.Cal.1955) 131 F.Supp. 165.

■ Whether or not the defendant's use was a "fair use" is a matter of fact. Eisenschiml v. Fawcett Publications, supra; Mathews Conveyor Co. v. Palmer-Bee Co. (6 Cir., 1943), 135 F.2d 73.

■ Some use of the plaintiff's book as a source for an article on Mammy Pleasant as an historical personage could certainly be termed "fair". But not only is Merwin's article based in large part on "Mammy Pleasant's Partner", it mirrors the manner and style in which the plaintiff chose to set down the factual and historical material she used, and to express her thoughts and conclusions. Such an extensive use is well outside the scope of the concept of "fair use", being neither reasonable nor customary, and the defendants cannot avail themselves of this defense.

■ The evidence is insufficient to conclude that Merwin had read "Mammy Pleasant" at the time of writing the article, or used it in any way, so there was no infringement of the plaintiff's copyright in "Mammy Pleasant".

Merwin's use of "Mammy Pleasant's Partner" in writing his article constitutes an infringement of the plaintiff's copyright on that work.

As Morriss was an employee of Publishers' Services, Inc., and it was not established that he was an employee of, or otherwise interested in, Knight Publishing Company, at any time or in any way relevant to this action, the Court holds that Morriss is not liable to the plaintiff for the infringement of her copyright.

■ The plaintiff was unable to prove any actual damages and the testimony as to the amount of profits was in conflict. The Court may, in its discretion, award statutory damages to the plaintiff when there is uncertainty as to the amount of damages or profits. Woolworth Co. v. Contemporary Arts (1952), 344 U.S. 288, 73 S.Ct. 222, 97 L.Ed. 276, 17 U.S.C. § 101. The Court may also award a reasonable attorney's fee to the plaintiff as part of her costs. 17 U.S.C. § 101.

For the infringement of her copyright, the plaintiff is awarded $2000 and $500 in attorney's fees.

Plaintiff's attorney will prepare, serve and lodge Findings of Fact, Conclusions of Law, and a Judgment in a separate decument.